**Jimmie Arnold BRUMFIELD, et al.,
Plaintiffs–Appellants,**

v.

**Don JONES, Mayor, in his Official Capacity, et al., Defendants–Appellees.**

No. 87–4782
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 24, 1988.

Jimmie A. Brumfield, II, pro se.

Arax T. Brumfield, pro se.

Sara M. Brumfield, pro se.

Edwin L. Blewer, Jr., Kenneth Mascagni, Shreveport, La., for defendants-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Jimmie Arnold Brumfield appeals the summary judgment dismissal of his 42 U.S.C. § 1983 claim against the City of Bossier City, Louisiana, its mayor, police department, and one of its police officers. His wife, Arax T. Brumfield, individually and on behalf of their minor daughter Sara Brumfield, appeals the Fed.R.Civ.P. 12(b)(6) dismissal of their claims. Concluding that the complaint of Arax and Sara Brumfield fails to state a claim upon which relief can be granted, we affirm that dismissal. But finding disputed issues of material fact as to some of the claims advanced by Jimmie Brumfield, for the reasons assigned we affirm in part and reverse and remand in part the summary judgment.

### Background

Although the course of the criminal proceedings against Jimmie Brumfield is convoluted, the underlying facts are essentially straightforward. On the morning of May 3, 1986, Bossier City Police Officers Michael Beam and Charles Spraggins glanced into an auto stopped for a traffic light and saw a small child, who appeared to be under five years of age, but was not secured by a child-restraint device as required by state law.[1] The Brumfields were passengers in the auto. The officers pulled the car over and called for the driver to step out of the vehicle. Jimmie Brumfield exited the auto on the passenger side and walked to the officers.

According to Jimmie Brumfield's affidavit, he approached the officers, told them he and his wife were attorneys, and questioned their issuing a citation to the driver. He attests that he returned to the auto when the officers asked him to do so, but admits that he subsequently expressed his views as to their mental perspicacity.[2] The affidavit of Arax Brumfield supports this version of the facts.

The officers contend that Jimmie Brumfield ignored their repeated requests to return to the auto and continued to interfere with their attempts to issue a citation to the driver. After Brumfield returned and sat down next to the vehicle, the officers spoke with the driver, determined the age of the child, and issued a citation for lack of a child-restraint device, and for failure to carry proof of insurance in the vehicle.

---

1. La.R.S. 32:295, requiring seat restraints, applies only to children under five years of age.

2. Jimmie Brumfield told his young daughter, after he returned to the vehicle, that if lost she should look for one of the "big dummies" in blue.

Immediately after Brumfield referred to the officers as "dummies" they called in their supervisor, Sgt. Robinson. Sgt. Robinson arrived as the driver was signing the citation. After discussing the matter with Robinson, the officers arrested Jimmie Brumfield for interfering with an officer. He was then searched, handcuffed, and placed in the police patrol car. Brumfield alleges that he was handled roughly and callously. The officers claim that they followed routine arrest procedures, used no unnecessary force, and did not injure Brumfield.

Brumfield was convicted in Bossier City Court of resisting an officer in violation of Bossier City Code § 8–165(a),[3] and was fined $25.00. The conviction was affirmed on appeal to the state district court. The Louisiana Second Circuit Court of Appeal denied an application for writs, as did the Supreme Court of Louisiana. On reconsideration, however, the Supreme Court of Louisiana granted writ and remanded the case to the Court of Appeal "for an opinion determining the sufficiency of the evidence and the constitutional questions involved in resisting arrest by words or annoying conduct during an investigation."

On remand, after the decision by the district court herein, the Louisiana intermediate appellate court carefully reviewed the evidence, found it insufficient to support a conviction, and vacated Brumfield's conviction. Because of this disposition, the court did not reach the constitutional issue propounded by the Louisiana Supreme Court.

Invoking § 1983 the Brumfields filed suit, alleging false arrest, invasion of privacy, illegal search, illegal seizure, false imprisonment, use of excessive force, police harassment, police brutality, and interference with first amendment rights of free speech. The complaint was later amended to add a malicious prosecution charge and a

challenge to the constitutionality of the subject ordinance.

Brumfield filed a discovery request; defendants filed a motion to stay discovery which has not yet been ruled on. Defendants then sought a Rule 12(b)(6) dismissal of the claims of Arax and Sara Brumfield, and summary judgment dismissal of the claims of Jimmie Brumfield. The district court granted both motions and the Brumfields appeal.

*Analysis*

We first consider the appeals of Arax and Sara Brumfield. In reviewing this Rule 12(b)(6) dismissal, we construe their allegations in the most favorable light, accepting them as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.,* 690 F.2d 489 (5th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

Arax and Sara contend that the arrest of Jimmie Brumfield violated their first amendment rights. The complaint alleges no expressive conduct infringed by the officers. No comment is attributed to Arax in the complaint, and only a question and a plea is attributed to the five-year-old Sara who asked her father why the police were being so mean and, after seeing her father spread-eagled, pled with the officers: "Please don't take my daddy."

■ Assuming, *per arguendo,* that the arrest was precipitated by Jimmie Brumfield's "dummy" comment and that it was made in response to a question or comment by Sara, the complaint still fails to allege a violation of Sara's first amendment rights. The right to sue under the Civil Rights Act is personal in nature. *Coon v. Ledbetter,* 780 F.2d 1158 (5th Cir.1986). The complaint does not allege that the officers directed any action toward Sara or Arax.

---

**3.** Bossier City Code § 8–165(a) provides:
   It shall be unlawful for any person to resist an officer. Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to

serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property or serving process is acting in his official capacity.
   *See also,* La.R.S. 14:108.

Consequently, their first amendment claims were properly dismissed.

■ Sara and Arax also assert a violation of their right to privacy when Officer Beam looked through the windows of the vehicle. They misperceive the law. There is no legitimate expectation of privacy in any portion of an automobile visible from the outside. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Moreover, an officer who peers into the interior of a vehicle during the course of a legitimate traffic stop is not conducting a search within the meaning of the fourth amendment. *Texas v. Brown*. This claim was properly dismissed.

As earlier noted, Jimmie Brumfield complains of an illegal search, illegal seizure, false arrest, false imprisonment, invasion of privacy, police harassment, excessive force, police brutality, and malicious prosecution. The district court construed the complaint as alleging a fourth amendment claim for arrest without probable cause. The existence of probable cause is a defense to such a complaint. *Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir.1986). Focusing on the state court criminal conviction, the district court found probable cause for the arrest.[4]

■ Inasmuch as the underpinning for part of the summary judgment has been vaporized by the action of the state appellate court, the summary judgment must be vacated in part. *See generally, Howell v.*

*Tanner*, 650 F.2d 610, 615 n. 6 (5th Cir. 1981), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). The state court found that, at most, Brumfield had verbally annoyed officers during the course of an investigation, reasoning that at the time of the verbal exchanges with Brumfield, the officers had not determined the age of the child or whether the driver had proof of insurance in the vehicle. Therefore, at that point, no arrest of the driver was in process. Under dispositive Louisiana jurisprudence, interference with an investigation alone does not constitute interference with an officer in the course of an arrest. *See State v. Nix*, 406 So.2d 1355 (La.1981); *State v. Lindsay*, 388 So.2d 781 (La.1980).

We remind that an acquittal does not necessarily signal an absence of probable cause for an arrest, for the standards for a determination of probable cause and for a criminal conviction markedly differ. *Smith v. Gonzales*, 670 F.2d 522 (5th Cir.), *cert. denied*, 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982). However, in a summary judgment setting, with conflicting affidavits on material-fact questions, a final resolution is inappropriate. Fed.R.Civ.P. 56; *Romano v. Merrill, Lynch, Pierce, Fenner & Smith*, 834 F.2d 523 (5th Cir. 1987); *Phillips Oil Co. v. OKC Corporation*, 812 F.2d 265 (5th Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). Optional reasonable inferences and credibility assessments may not be made

---

4. The effect of a conviction on the issue of probable cause in a civil setting is less than etched in stone in this circuit. The district court relied on *Howell v. Tanner*, 650 F.2d 610 (5th Cir.1981), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). In *Howell*, after finding probable cause on the facts in the record, we commented in dicta that the defendant's conviction conclusively established probable cause to arrest. *Id.* at 615 n. 6, *citing Bergstralh v. Lowe*, 504 F.2d 1276 (9th Cir.1974), *cert. denied*, 420 U.S. 930, 95 S.Ct. 1131, 43 L.Ed.2d 402 (1975). However, two years before the *Howell* case, we held that a prisoner's complaint for false arrest and false imprisonment stated a claim despite his prior conviction of the offense for which he was arrested. *Greer v. Turner*, 603 F.2d 521 (5th Cir.1979).

In 1984, we considered the question in detail, including an analysis of the common-law roots

of the relationship between a criminal conviction and a civil suit for false arrest. *Brown v. Edwards*, 721 F.2d 1442, 1448 n. 8 (5th Cir. 1984). We noted that federal courts should give no greater preclusive effect to a state court criminal judgment than would the rendering state court. *Id.* at 1448. Concluding that the issue of probable cause had not been litigated in the criminal proceeding, we ruled that the plaintiff's prior guilty plea did not bar his § 1983 action. *Id.* at 1448. *Cf. Hinshaw v. Doffer*, 785 F.2d 1260, 1266–67 (5th Cir.1985) (holding that a guilty plea conviction did not bar a subsequent § 1983 action but commenting in dicta that a jury's guilty verdict would constitute a bar). *See generally, Cameron v. Fogarty*, 806 F.2d 380 (2d Cir.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). The reversal of Brumfield's conviction allows us to avoid this legal quagmire.

on a motion for summary judgment. It is only when there are no genuine issues of material fact that disposition by summary judgment is appropriate.

■ In like vein, the reversal of the state court conviction requires a vacating of the summary judgment and remand for trial on the first amendment claims. Parenthetically, we note that in its analysis of the evidence adduced at the criminal trial in Bossier City Court, the Louisiana Second Circuit Court of Appeal thrice characterized Brumfield's comments and conduct as merely annoying to the officers. His statements were found not to be obscene, profane, libelous, insulting, or fighting words likely to produce a clear and present danger of a serious substantive evil. For present summary judgment purposes there is a substantial dispute over what Brumfield said and how he said it. That question may not appropriately be resolved on motion for summary judgment.

We find no error, however, in the dismissal of the invasion of privacy complaint, for the reasons noted in the affirmance of the Rule 12(b)(6) dismissal of the claims of Arax and Sara Brumfield. *Texas v. Brown.*

■ Similarly, we affirm the summary judgment dismissal of the excessive-force charge. The officers' affidavits aver that they followed standard arrest procedures without malice and did not injure Brumfield. Brumfield responded with the simple assertion that the handling of the search and handcuffing procedure caused him "discomfort." This assertion is insufficient to create a genuine issue of material fact on the excessive-force claim. *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir.1981). The defendants properly supported their motion on this issue, and Brumfield has failed to counter with facts which could allow a rational trier-of-fact to find in his favor. This claim was properly dismissed. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd.*

*v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The court did not reach the malicious prosecution charge, or the elusive issue of municipal policy. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bennett v. Slidell,* 728 F.2d 762 (5th Cir.) (en banc), *as modified,* 735 F.2d 861 (5th Cir.1984), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). Nor did it reach the question of the qualified immunity of the officers. All of these remain for the trial court on remand, as does the challenge to the constitutionality of Bossier City Code § 8–165(a), which need be addressed only if essential to resolution of the litigation. *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985); *United States v. Stuebben,* 799 F.2d 225 (5th Cir. 1986).

The dismissal of the claims of Arax and Sara Brumfield is AFFIRMED. The summary judgment dismissal of the claims of Jimmie Brumfield is AFFIRMED in part, and REVERSED and REMANDED in part, as set forth herein.