**Frederick Jay KING, Plaintiff–Appellant,**

v.

**Stephen GOLDSMITH, et al., Defendants–Appellees.**

No. 89–1142.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 17, 1990.

Decided March 12, 1990.

Rehearing Denied April 10, 1990.

Frederick J. King, Indianapolis, Ind., pro se.

Arthur T. Perry, Dist. Atty. Gen., Office of the Atty. Gen., Stephen E. Schrumpf, Barbara Malone, Office of the Corp. Counsel, City Counsel, Legal Div., Indianapolis, Ind., for defendants-appellees.

Before POSNER and RIPPLE, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

The plaintiff brought this civil rights suit against a state prosecutor and police officers, claiming that they had procured his conviction of receiving stolen property by altering a transcript of a tape recording, withholding exculpatory evidence, and suborning perjury. 42 U.S.C. § 1983. The district judge dismissed the suit as to the prosecutor on grounds of immunity that the plaintiff appears not to be challenging and that are in any event correct; that dismissal is affirmed. The judge later granted summary judgment for the police officers on the ground that, at common law, conviction precludes a subsequent suit by the defendant charging law enforcement officers with false imprisonment or malicious prosecution. This is the ruling challenged on appeal. We emphasize that the judge did *not* hold that the conviction bars this suit by principles of res judicata or collateral estoppel, an issue of Indiana law. 28 U.S.C. § 1738; *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Harris Trust & Savings Bank v. Ellis,* 810 F.2d 700, 705–06 (7th Cir.1987); cf. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). She declined to consider other grounds for dismissal because she thought the suit barred in any event by the common law rule.

*Cameron v. Fogarty,* 806 F.2d 380, 386–89 (2d Cir.1986), applied the common law rule to a suit under section 1983, noting that the rule had existed back in 1871, when the original version of the statute was passed, and that the courts frequently have recognized, as defenses to suits under this and other Reconstruction civil rights statutes, the recognized tort defenses of the nineteenth century. Although *Cameron* was questioned in *Rose v. Bartle,* 871 F.2d 331, 351 (3d Cir.1989), we may assume for purposes of this appeal, without having to decide, that *Cameron* was decided correctly. Even so, all it holds is that conviction bars a suit for false arrest or malicious prosecution *based on a claim that there was no probable cause to arrest the plaintiff.* This is a narrow holding, serving the limited function of preventing an end run around the principle that an unlawful arrest does not bar prosecution of the arrested person. *Rose v. Mitchell,* 443 U.S. 545, 577, 99 S.Ct. 2993, 3010–11, 61 L.Ed.2d 739 (1979). In formalistic terms, we might put it that if the plaintiff was imprisoned pursuant to a conviction that became final

after the exhaustion of his appellate remedies (as it did in this case, *King v. State*, 469 N.E.2d 1201 (Ind.App.1984)), it was not a *false* imprisonment. Nor could the prosecution have lacked probable cause, a lack that is a prerequisite to a suit for malicious prosecution. *Holiday Magic, Inc. v. Scott*, 4 Ill.App.3d 962, 966, 282 N.E.2d 452, 455 (1972); *Grip–Pak, Inc. v. Illinois Tool Works, Inc.*, 694 F.2d 466, 470 (7th Cir. 1982). Probable cause requires much less proof than a conviction does.

Nothing in the formulation or rationale of the common law rule bars relitigation of the issue of the plaintiff's criminal guilt if the prosecution in the criminal proceeding had procured the plaintiff's conviction by fraud, as the plaintiff in this case charges. Otherwise police officers could procure a conviction by fraud and then—irrespective of whatever exceptions a state's law of res judicata and collateral estoppel had created for just such cases—use that conviction to bar their victim's effort to redress the fraud by means of a tort action, whether for false imprisonment, or for malicious prosecution, or for violation of civil rights. *Cameron* does not read on that case. *Unger v. Cohen*, 718 F.Supp. 185, 187–88 (S.D. N.Y.1989); cf. *Brumfield v. Jones*, 849 F.2d 152, 155 (5th Cir.1988). Cameron may have been arrested unlawfully, but there was no irregularity in his conviction.

Here there was; or so at least we must assume in the posture of the case. The dismissal of the suit against the officers was therefore erroneous, and must be reversed. *Smith v. Springer*, 859 F.2d 31, 35 (7th Cir.1988); cf. *Haring v. Prosise*, 462 U.S. 306, 318–23, 103 S.Ct. 2368, 2375–78, 76 L.Ed.2d 595 (1983); *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir.1988). We do not hold that this case cannot be disposed of on summary judgment—there may be good grounds for summary judgment on which the district court has not ruled, cf. *Harris Trust & Savings Bank v. Ellis, supra*, 810 F.2d at 705–06—but only that it cannot be disposed of on the basis of the common law rule barring resort to tort law to circumvent a criminal conviction.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

PELL, Senior Judge, concurring.

I concur in the result reached in the majority opinion because in the posture of the case, as it was presented to us, entry of summary judgment was inappropriate.

Nevertheless, I find it somewhat disturbing that a person may be charged with a crime, proceed through a trial, be convicted, exhaust post-conviction remedies, serve his sentence, and then return to file a § 1983 action for damages against those who were involved as investigative police officers during the proceedings leading to conviction. With the present day proclivity to resort to litigation it would seem to be an attractive avenue for pursuit, *i.e.*, to seek, and hopefully find, some apparent misconduct before or during the trial, not for the purpose of setting aside the conviction and clearing his name, but simply to recover damages.

The majority opinion speaks of not barring relitigation of the issue of plaintiff's criminal guilt if the conviction had been procured by fraud but as I understand the present litigation it is not to relitigate the issue of guilt but only for the purpose of securing damages for some action of the police officers which may or may not have had anything to do with whether in fact he was guilty or whether he was properly convicted.

It appears to me that resort to the procedure of damage-seeking of this ex post facto nature should only proceed under strictly limited standards. The case is being returned to the district court and I am assuming a full record on the validity of the claim will now be developed either by summary judgment procedures or by an evidentary hearing.

Accordingly, I am concurring at this time.