Judy C. ROBINSON and Jennifer Robinson, Plaintiffs,

v.

L.J. JOHNSON and J.L. Templeton, Defendants.

Civil Action No. H–95–0948.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 25, 1996.

M. David Frock, Frock & Broussard, Houston, TX, for Judy C. Robinson.

Robert Louis Cambrice, City of Houston Legal Dept., Houston, TX, for L.J. Johnson, the City of Houston.

Murray Edward Malakoff, City of Houston, Houston, TX, for James L. Templeton.

Britton Bryon Harris, Ridley and Harris, Houston, TX, for Tidwell Park Apartments, Sterling Corp.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

In this civil rights action brought under 42 U.S.C. § 1983, Plaintiff Judy Robinson ("Plaintiff") claims that Defendants L.J. Johnson and J.L. Templeton, Houston police officers ("Defendants"), used excessive force while illegally arresting her, in violation of her Fourth, Sixth, and Fourteenth Amendment rights, and Plaintiff Jennifer Robinson claims that she suffered loss of consortium as a result of her mother's injuries.[1] Pending

---

1. Plaintiffs originally named the City of Houston and the owner and manager of Tidwell Park Apartments as additional defendants. On February 16, 1996, the Court dismissed the City of Houston from the case. On July 15, 1996, the Court granted Plaintiff's Motion to Dismiss her claims for premises liability against Tidwell Park

before the Court is Defendant L.J. Johnson's **Motion for Summary Judgment** ("Motion") [Doc. # 56]. The Court has considered the Motion, Plaintiff's Response [Doc. # 59], all other matters of record in this case, and the relevant authorities. For the reasons stated below, the Motion is now **DENIED.**

## I. *FACTUAL BACKGROUND*

On April 1, 1993, Defendant Officers L.J. Johnson and J.L. Templeton arrested Plaintiff Judy Robinson for the offense of public intoxication in violation of the Texas Penal Code, § 49.02. At the time of the arrest, Plaintiff was standing next to her car in the parking lot of an apartment complex where a friend lived. *See* Plaintiff's Second Amended Complaint ("Complaint") [Doc. # 14], ¶ 11.

Plaintiff claims that on the day of the arrest she was nauseous and ill as a result of medication she had taken to relieve a serious migraine headache. *See* Motion, at 2. She claims that she had driven to her friend's apartment to ask him to drive her to a hospital emergency room. Finding that he was not at home, she returned to her car. *Id.* Several minutes later, the defendant police officers arrived. Although she explained to them that she was ill, *see* Response, ¶ 2 (citing Deposition of Judy Robinson, at 25–28), instead of assisting her, she claims they grabbed her, violently handcuffed her, pushed her into the police car, and illegally arrested her for public intoxication. Plaintiff was placed in jail overnight. *See* Complaint, ¶ 11. Several months later, the criminal charges against her were dismissed.

As a result of the allegedly overly tight handcuffs, Plaintiff claims she suffered injury to her wrists which ultimately resulted in carpal tunnel syndrome that required surgery. Plaintiff Judy Robinson brought this action under 42 U.S.C. § 1983, alleging that Defendants did not have probable cause to arrest her and that they used excessive force in making the arrest. She seeks damages to compensate her for her physical injuries, medical expenses, mental anguish, and lost wages. In addition, Judy Robinson sues as representative for her daughter, Jennifer Robinson, who seeks damages for loss of her mother's consortium.

In his Motion, Defendant Johnson denies any memory of arresting Plaintiff. *See* Affidavit of L.J. Johnson [Doc. # 57]; Deposition of L.J. Johnson, Exhibit A to Response, at 13–16. He requests summary judgment as a matter of law on the grounds that he had probable cause for the arrest of Plaintiff, that it was City policy to handcuff arrestees, that Plaintiff alleges only negligent conduct by Defendant Johnson (which is insufficient as a matter of law), and that he is protected from liability by qualified immunity because Plaintiff has not alleged a violation of a "clearly established constitutional right" and his actions were reasonable.

Defendant Johnson also seeks dismissal of Plaintiff Jennifer Robinson's loss of consortium claim on the ground that constitutional violations actionable under Section 1983 do not support loss of consortium claims.

## II. *SUMMARY JUDGMENT STANDARD*

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Bozé v. Branstetter,* 912 F.2d 801, 804 (5th Cir.1990). The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. *Bozé, 912* F.2d at 804 (citing *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 (5th Cir.), *revised on other grounds upon denial of reh'g,* 70 F.3d 26 (5th Cir.1995).

Apartments and Sterling Corporation [Docs. # 42, 48].

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. For any matter on which the nonmovant carries the burden of proof at trial, however, the movant may, by merely pointing to the absence of evidence supporting the essential elements of the nonmovant's case, shift to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact so as to warrant a trial. *Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 718–19 (5th Cir.1995); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Douglass v. United Services Auto. Ass'n,* 65 F.3d 452, 459 (5th Cir.1995), *revised on other grounds,* 79 F.3d 1415 (5th Cir.1996) (en banc); *Little,* 37 F.3d at 1075. In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands,* 66 F.3d at 92; *Little,* 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Little,* 37 F.3d at 1075 (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552).

### III. DISCUSSION

#### A. *Judy Robinson's Excessive Force and Illegal Arrest Claims*

Earlier in this litigation, Defendant Johnson filed a Motion to Dismiss [Doc. # 16], which the Court deemed to be a Motion for Summary Judgment. On February 16, 1996, the Court granted Defendant's Motion as to his conduct in an official capacity but denied summary judgment as to Defendant in his individual capacity. *See* Order, dated February 16, 1996 [Doc. # 37]. The Court based its denial on a finding that Plaintiff had properly alleged a claim under 42 U.S.C. § 1983 and had supported her claim with documentary evidence sufficient to raise genuine questions of material fact regarding Defendant Johnson's conduct in his individual capacity.

As stated in the Court's previous order, the standard Plaintiff must meet in alleging an excessive force claim against police officers individually is set out in *Stroik v. Ponseti,* 35 F.3d 155, 157–58 (5th Cir.1994), *cert. denied,* 514 U.S. 1064, 115 S.Ct. 1692, 131 L.Ed.2d 556 (1995) (applying *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Under this standard, Plaintiff must prove that she suffered:

1. an injury, which

2. resulted directly from the use of force that was clearly excessive to the need, and

3. the excessiveness of the force was objectively unreasonable.

*Stroik,* 35 F.3d at 157.[2] As to her claim for illegal arrest, Plaintiff must "allege sufficient facts from which it can be discerned that no reasonable officer could have believed that probable cause existed to arrest [her] for public intoxication." *Babb v. Dorman,* 33 F.3d 472, 477–78 (5th Cir.1994). If a reasonable officer "could have believed the arrest to be lawful, in light of clearly established law and the information the officer possessed," then Defendant is protected from suit by qualified immunity. *Gibson v. Rich,* 44 F.3d 274, 277 (5th Cir.1995).

 The Court has previously determined that Plaintiff's allegations and summary judgment evidence are sufficient to survive a

---

**2.** In his Motion, Defendant seems to suggest that Plaintiff has the burden to prove, and has failed in her summary judgment evidence to show, that Defendant unnecessarily and wantonly inflicted pain on her. *See* Motion, at 7. However, this is not the applicable standard and Defendant's cited authorities do not support its argument in

this, a 4th Amendment case. *Wesson v. Oglesby,* 910 F.2d 278 (5th Cir.1990), was a case in which a prisoner alleged violations of his Eighth Amendment right against cruel and unusual punishment. Nor does *Brumfield v. Jones,* 849 F.2d 152 (5th Cir.1988), state this standard.

motion for summary judgment. In his renewed Motion, Defendant Johnson offers *no new evidence* that establishes the absence of genuine questions of material fact. Defendant merely states the arguments he must show at trial, namely that the arrest was based on probable cause and that his actions were justified and reasonable. At best, the facts on which Defendant relies establish the existence of a genuine question of material fact.[3] *See Brumfield v. Jones*, 849 F.2d 152 (5th Cir.1988) ("Optional reasonable inferences and credibility assessments may not be made on a motion for summary judgment"); *Harper v. Harris County, Tex.*, 21 F.3d 597, 602 (5th Cir.1994) (although police officer's reasonableness may often be decided as a question of law, "such is not the case where there exist material factual disputes"). Defendant simply has failed to meet the first stage of a summary judgment motion, which is to assert facts or law establishing the absence of factual issues for trial.

For instance, Defendant's implication that Plaintiff's admitted use of a prescription drug gave Defendant probable cause to arrest her for public intoxication does not negate the factual issue of whether his assumption that she was intoxicated was reasonable, given her non-violent behavior and her testimony that she explained she had migraine headaches and gave her doctor's name for the officers to call. Likewise, although Defendant also argues that he generally has the right to use handcuffs when making an arrest based on probable cause, this assertion does not address Plaintiff's contention that his use of handcuffs on her was excessive to the demands of her situation and unreasonable in light of her behavior at the time.

Unlike in *Gibson v. Rich*, 44 F.3d 274 (5th Cir.1995), a case involving an allegation of illegal arrest for public intoxication in which the court affirmed summary judgment for the police officer, Defendant Johnson has no recollection of the events surrounding his arrest of Plaintiff. His explanations for the arrest are without any factual basis, and the Court cannot conclude as a matter of law on this summary judgment record that he is entitled to qualified immunity.

Even if the Court were to find that Defendant Johnson has met his burden of alleging matters sufficient to put Plaintiff to the burden of producing evidence that there is a genuine question of material fact necessitating a trial, the Court holds that Plaintiff Judy Robinson has met the challenge in this case. Plaintiff's deposition establishes that she told the officers that she was sick with a migraine headache and that the officers could call her doctor, whose name she supplied. *See* Response, ¶ 2 (citing Deposition of Judy Robinson, at 25–28). She has provided evidence that she was not intoxicated. *See* City's Responses to Plaintiff's First Request for Production, last page of Exhibit A to Plaintiffs' Response to Defendants' Motion to Dismiss [Doc. # 34] (revealing that Plaintiff was not intoxicated when tested at the police station). In addition, she has submitted medical evidence regarding injury to her wrists to support her claim that the officers used excessive force in a situation that she claims was not even appropriate for arresting and handcuffing her. *See* Exhibit C to Response [Doc. # 60] (Deposition of Dr. Timothy Sitter).

■ Defendant has produced no evidence to the contrary, since neither officer can recall the arrest at all. Defendant's position seems to be that, even when an officer cannot

---

3. Because Defendant claims not to remember the circumstances of the arrest, he relies on Plaintiff's own testimony from her deposition to establish that he and Defendant Templeton had probable cause to arrest her. Specifically, Defendant argues they had probable cause to believe she was intoxicated in public because she admits she was on medication, she was drowsy, it was night, and she was alone. *See* Motion, at 2, 5 (citing Deposition of Judy Robinson, at 10–11). The Court does not agree that these facts alone could create probable cause for Plaintiff's arrest for public intoxication. As Plaintiff points out, Texas Penal Code § 49.02(b), establishes a defense for substances administered as part of professional medical treatment. In addition, even considering the totality of circumstances surrounding the arrest, as required under *Brown v. Bryan County*, 67 F.3d 1174, 1180 (5th Cir.1995), *cert. granted*, — U.S. ——, 116 S.Ct. 1540, 134 L.Ed.2d 645 (1996), the Court fails to understand how Plaintiff's being alone by her car for several minutes at nighttime is relevant to the officers' determination that they had probable cause to believe that Plaintiff was intoxicated.

provide for the court a specific recollection of his version of the events, any arrest for public intoxication must be presumed to have been based on facts establishing probable cause and any action taken in handcuffing an arrestee must be presumed not to have been excessive to the situation. This is not the law. The Court holds that the circumstances established by Plaintiff in her summary judgment evidence raise genuine questions of material fact as to the reasonableness of Defendant Johnson's arresting and handcuffing Plaintiff at all.[4]

## B. *Jennifer Robinson's Loss of Consortium Claim*

■ Defendant argues that Jennifer Robinson's claim for loss of her mother's consortium arising from the time when Judy Robinson was suffering from her injuries caused by Defendant Johnson's conduct should be dismissed because such a claim is not actionable under § 1983. In response, Plaintiffs argue that because Jennifer Robinson's claim is derivative of her mother's claim, the loss of consortium claim should survive if the § 1983 claim survives. Neither party has briefed or extensively argued this issue, which the Court finds to be a surprisingly novel question of law.

In support of his argument, Defendant cites *Niehus v. Liberio*, 973 F.2d 526, 532–34 (7th Cir.1992), in which the Seventh Circuit held that loss of consortium is not itself a constitutional deprivation and thus cannot be supported in an action brought under § 1983.[5] However, the Fifth Circuit has held, in contrast, that a parent may recover damages for "mental anguish, suffering and loss of companionship, contribution, society, affection and comfort" in a § 1983 action based on the violation of her child's civil rights that resulted in his death. *Flores v. Cameron County, Texas*, 92 F.3d 258, 271 (5th Cir.1996) (citing *Rhyne v. Henderson County*, 973 F.2d 386, 391 (5th Cir.1992)).[6]

---

**4.** The Court, however, agrees with Defendant's assertion that merely negligent conduct by a police officer in the course of his duties is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

**5.** The court in *Niehus* noted that the action was brought before the effective date of 28 U.S.C. § 1367 and that the result in the case could have been different had this new statute controlled the action. *See Niehus*, 973 F.2d at 534. In § 1367, as part of the Judicial Improvement Act of 1990, Congress overruled *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which had significantly limited the federal courts' jurisdiction over pendent parties and state law claims. *Finley* prohibited federal courts from exercising pendent-party jurisdiction in cases brought under a federal statute unless the statute affirmatively authorized the courts to exercise such jurisdiction. Under *Finley*, most federal courts determined that § 1983 contains no such authorization. *See, e.g., Sarmiento v. Texas Board of Veterinary Medical Examiners*, 939 F.2d 1242, 1247–48 (5th Cir.1991); *Stallworth v. City of Cleveland*, 893 F.2d 830, 838 (6th Cir.1990) (dismissing spouse's loss of consortium claim); *Ortega v. Schramm*, 922 F.2d 684 (11th Cir.1991). *But see Rodriguez v. Comas*, 888 F.2d 899, 905–06 (1st Cir.1989) (allowing plaintiff's wife to bring pendent claim for emotional distress despite *Finley*). However, in § 1367(a), Congress repudiated this requirement, establishing instead that:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. *See Loeber v. Bay Tankers*, 924 F.2d 1340, 1345 n. 3 (5th Cir.1991), *cert. denied*, 502 U.S. 819, 112 S.Ct. 78, 116 L.Ed.2d 51 (1991) (acknowledging that § 1367 overruled *Finley* ). As a result of the change in law created by this statute, some federal district courts have determined that they may now adjudicate loss of consortium claims derived from federal civil rights actions when loss of consortium claims are independently viable under state law. *See McCray v. Holt*, 777 F.Supp. 945, 948 (S.D.Fla.1991) (allowing loss of consortium claim in § 1983 action); *Sharpe v. Green Spring Dairy, Inc.*, 911 F.Supp. 172 (D.Md.1994) (allowing loss of consortium claim in § 1981 action).

**6.** *See also Benavides v. County of Wilson*, 955 F.2d 968 (5th Cir.1992), *cert. denied, Bassler v. County of Wilson*, 506 U.S. 824, 113 S.Ct. 79, 121 L.Ed.2d 43 (1992) (dismissing spouse's loss of consortium claim only because the underlying § 1983 action was not successful).

The only cases which this Court has encountered which have not allowed loss of consortium claims in connection with § 1983 actions, even after the effective date of § 1367, have been

In *Rhyne*, the court determined that it had to look to state wrongful death law to decide that a parent could recover damages in a § 1983 case in which she did not allege a violation of her own constitutional rights.[7]

■ Using a similar analysis to *Rhyne*, this Court looks to state law. Texas law establishes loss of consortium as an independent action when a spouse, parent, or child suffers actionable non-fatal physical injury. Therefore, such damages may be supported in connection with a § 1983 claim in federal court. In *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978), which first recognized loss of consortium claims for a spouse in Texas, the Court explained that loss of consortium "is considered to be derivative of the impaired spouse's ... action to the extent that the tortfeasor's liability to the impaired spouse must be established" but that "the consortium action is, nevertheless, independent and apart from that of the impaired spouse's ... action." *Id.* at 667.[8] In *Reagan v. Vaughn*, 804 S.W.2d 463, 467 (Tex.1990), which extended the right of action to children whose parents have suffered serious but non-fatal injury, the Court set out the state law re-

quirement for such a claim and described the recoverable damages:

> In order to successfully maintain a claim for loss of parental consortium resulting from injury to the parent-child relationship, the plaintiff must show that the defendant physically injured the child's parent in a manner that would subject the defendant to liability. The child may recover for such nonpecuniary damages as loss of the parent's love, affection, protection, emotional support, services, companionship, care, and society.

■ Plaintiffs' allegation of Jennifer Robinson's damages is in line with this standard.[9] The Court finds under the law discussed above that such a claim is actionable and declines to dismiss the claim for Plaintiffs' failure to submit evidence specifically related to Jennifer Robinson's injury. Defendant, in his Motion, offers no evidence negating a factual issue regarding whether Jennifer Robinson has suffered from loss or consortium. Nor does Defendant point to any lack of evidence offered by Plaintiffs. Thus, under *Celotex*, Defendant has not shifted to Plaintiffs the burden of coming forward with summary judgment evidence supporting the

---

decided by district courts in the First Circuit. *See Hegarty v. Somerset County*, 848 F.Supp. 257, 268 (D.Me.1994), *aff'd in part and remanded in part on other grounds*, 53 F.3d 1367 (1st Cir. 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995); *Carmona Pacheco v. Betancourt y Lebron*, 820 F.Supp. 45 (D.P.R. 1993). These courts determined that, unlike the Fifth Circuit in *Rhyne* and *Flores*, the First Circuit only allows a person toward whom state action was directed to maintain a § 1983 claim. (Following *Rodriguez v. Comas*, 888 F.2d 899, 905–06 (1st Cir.1989), *supra* note 5, however, the court in *Hegarty* did allow the spouse to maintain a separate pendent state action for emotional distress.)

7. Thus, under the authority of both *Rhyne* and the revised law of pendent jurisdiction under § 1367, *see supra* note 5, the Court finds that an examination of state law here is both necessary and within its jurisdiction.

8. In a footnote, the Court in *Whittlesey* mentioned that, "The phrase 'loss of consortium' is more accurately described as an element of damage rather than a cause of action. But courts have so frequently used the phrase to denote those actions in which loss of consortium is the major element of damage that 'loss of consortium' has come to be referred to as a cause of

action." *Whittlesey*, 572 S.W.2d at 666 n. 1. Despite its equivocation in this footnote, throughout the rest of the opinion the Court clearly refers to loss of consortium as an "independent action." *Id.* at 665–69.

9. In their Complaint, Plaintiffs allege that:

> As a result of Defendants' actions, Plaintiff, Jennifer Robinson, daughter of Plaintiff, Judy Robinson, has suffered and will suffer an impairment of her right to affection, solace, comfort, companionship, society and assistance from her mother, who received permanent, serious and disabling injuries. Plaintiff, Jennifer Robinson, has also lost and will lose the services usually performed by her mother and suffered mental anguish as a result of her mother's injuries.

*See* Complaint, ¶ 19. The Court will allow this claim, except for Plaintiffs' allegation that Jennifer suffered mental anguish. In *Reagan*, 804 S.W.2d at 466–67, the Texas Supreme Court differentiated between loss of consortium and mental anguish, holding that "a claim for mental anguish that is not based upon the wrongful death statute requires that the plaintiff prove that he or she was, among other things, located at or near the scene of the accident." In the case at bar, Jennifer Robinson was not at the scene of her mother's injury.

loss of consortium claim. Instead, Defendant relies solely on the argument, which the Court rejects, that as a matter of law a plaintiff cannot bring a loss of consortium claim derived from a § 1983 cause of action.

### IV. *CONCLUSION*

For the foregoing reasons, it is

**ORDERED** that Defendant Johnson's **Motion for Summary Judgment** [Doc. # 56] is **DENIED.**