NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2014
Decided November 26, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-1465

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:08-cr-00095-TLS-1 |
| DAMARCUS JOHNSON, *Defendant-Appellant*. | Theresa L. Springmann, *Judge*. |

## O R D E R

A jury convicted Damarcus Johnson of possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1); carrying a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c); and possessing a firearm as a felon, *id.* § 922(g)(1). Because Johnson possessed more than 50 grams of crack and had two prior felony-drug convictions, the district court sentenced him to the then-statutory minimum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). We vacated Johnson's sentence and remanded for resentencing under the Fair Sentencing Act of 2010 in accordance with *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). *See United States v. Johnson*, 496 F. App'x 668, 670 (7th Cir. 2012), *cert. denied*, 133 S. Ct. 2870 (2013). On remand the district court resentenced

Johnson to 228 months' imprisonment, a term at the bottom of the calculated guidelines' range. Johnson appeals his new sentence. In his appellate brief, he argued that the district court erred procedurally by failing to consider the argument he presented in support of a below-guidelines' sentence or explain its choice of sentence; at oral argument, however, he conceded that the district court did not err. We agree and affirm the judgment.

The Fair Sentencing Act shortened the minimum length of imprisonment for Johnson's drug-trafficking conviction from life to ten years. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2006) *with id.* § 841(b)(1)(A)(iii), (B)(iii) (2012). He also faced a mandatory consecutive five-year term of imprisonment for carrying a firearm in connection with that offense. *See* 18 U.S.C. § 924(c)(1)(A)(i). His guidelines' range was 168 to 210 months for the drug-trafficking offense, an additional consecutive 60 months for carrying a firearm in connection with that offense, and a concurrent term of 120 months for being a felon in possession of a firearm.

On remand the parties debated the appropriate sentence length. Johnson urged the court to resentence him to the combined statutory-minimum term of fifteen years' imprisonment, which was below the calculated guidelines' range of 228 to 270 months. Although he conceded that his drug-trafficking offense was "serious," he downplayed the circumstances of his offense, *see* 18 U.S.C. § 3553(a)(1), by arguing that he had used "normal methods of distribution." Johnson also acknowledged his "numerous prior criminal convictions," but asserted that he has since counseled his family and fellow inmates to "avoid the mistakes" he has made. In particular, he noted that a teenage niece whom he mentors has enrolled in college and that a jail chaplain has described him as a "deacon within the jailhouse." The government replied that the seriousness of Johnson's offense and his prolonged criminal history nevertheless warranted a lengthy term of imprisonment and suggested a sentence at the top of the guidelines' range. The government noted that when Johnson was arrested he possessed 258 grams of crack—near the top of the range for his base offense level (196 to 280 grams), *see* U.S.S.G. § 2D1.1(c)(5)—and that he had multiple convictions for possessing cocaine, resisting law enforcement, and driving while intoxicated.

The district court denied Johnson's motion for a below-guidelines' term of imprisonment. In a written order, the court acknowledged the government's arguments concerning the "large" drug quantity involved and Johnson's "many other" convictions, but also noted Johnson's "mentorship role" in his extended family, "the changes he has been making in his own life," and his "positive influence" on fellow inmates. In the

court's view, Johnson was on "the path to rehabilitation." "Despite these apparent gains," however, the court wrote that a within-guidelines' sentence was appropriate because of the "very serious" nature of his offense and his "significant" and "extensive" criminal history. One week later the court orally ruled that, in light of the factors listed in 18 U.S.C. § 3553(a), a sentence at the bottom of his guidelines' range was "sufficient, but not greater than necessary, to comply with the purposes of punishment."

At oral argument on appeal, Johnson correctly conceded that the district court did not err. Johnson had initially argued in his brief that the district court procedurally erred by failing at the oral sentencing to "specifically address the evidence of [his] reform of character in refusing to sentence outside of the guidelines." Later in his brief, however, Johnson appeared to acknowledge that the court in fact addressed his mitigating argument in its earlier, written order denying his motion for a below-guidelines' sentence. Nonetheless, he suggested in his brief, the court should have said more when it orally imposed his sentence.

A sentencing court must respond to a defendant's nonfrivolous mitigating arguments. *See United States v. Acosta*, 474 F.3d 999, 1003 (7th Cir. 2007); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). But even before oral argument, Johnson appears to have conceded in his appellate brief that the district court expressly considered his mitigating argument concerning his personal reform. His concession was correct. In its written order denying his motion for a below-guidelines' sentence, the court recounted that Johnson now mentors his family and fellow inmates and determined that he was "on the path to rehabilitation." Despite that progress, however, the court explained that a below-guidelines' sentence was unwarranted in light of the seriousness of his offense and his extensive criminal record; earlier in its order, the court also recalled the government's arguments that Johnson's offense appeared to involve "large-scale drug trafficking" and that he had two prior drug convictions as well as "many other convictions" that had not deterred him from the present offenses. Thus, this is not a case in which the court "passed over in silence the principal argument made by the defendant." *Cunningham*, 429 F.3d at 679. And the court need not have *sua sponte* revisited at the oral ruling the already-rejected argument for a below-guidelines' sentence. *See United States v. Castaldi*, 743 F.3d 589, 591, 595–97 (7th Cir. 2014) ("District judges need not belabor the obvious" at sentencing.) (internal quotation marks omitted).

Johnson's case is different from *United States v. Washington*, 739 F.3d 1080, 1081–82 (7th Cir. 2014), a case in which the district court imposed a term of imprisonment at

the bottom of the guidelines' range after asserting that it had considered the § 3553(a) factors; there, we held that the district court had procedurally erred by failing to explain why the chosen sentence was appropriate. *Id.* at 1081. It is true that, at Johnson's oral sentencing, the district court acknowledged the factors listed in § 3553(a) and then concluded that a sentence at the bottom of the guidelines' range was appropriate, without orally reciting why the sentence was proper. But an omission at sentencing is immaterial where, as here, we are "convinced that the sentence would have been the same absent the error." *United States v. Prado*, 743 F.3d 248, 253 (7th Cir. 2014); *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009). The district court had properly explained in its written order why it would not impose a below-guidelines' sentence. Remanding for resentencing would thus be pointless, and Johnson's concession that the district court committed no reversible error is therefore sound.

AFFIRMED.