Charles Marcus MYERS, Appellant,

v.

Barbara THOMAS, Appellee.

No. 7496.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 8, 1973.

Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellant.

Kent S. Foster, Port Arthur, for appellee.

DIES, Chief Justice.

This is a suit for damages as the result of an automobile collision. Trial was to the court without a jury and judgment for the plaintiff was entered and defendant appeals. The parties are herein termed as they were below.

Although defendant has a number of points challenging the action of the court in overruling his motion for continuance and denial of his right of trial by jury, under our view of the record such points need not be discussed.

Plaintiff's original petition upon which she went to trial named only herself as plaintiff. On the second day of the trial, the court allowed the filing of what is designated as "Plaintiff's Trial Amendment" alleging that "Jerry Thomas, husband of Barbara Thomas, be added as party plaintiff." The court then awarded $2,390 damages to the husband for injuries and damages to the wife. The husband was not in the car at the time of the collision.

During the trial, the wife was questioned about settlement discussions she had with an insurance adjustor. She was asked:

"Q. Now, after the discussion, about where he had offered the $650.00 and you had a discussion with him

on that, and you wanted a higher figure, let's say, do you recollect telling Mr. Leavell that you would accept $750.00 in settlement, and him telling you that he would pay you $750.00 in settlement?

"A. I remember that, verbally. I did not sign anything.

"Q. You didn't sign anything, but you did verbally agree to accept the $750.00 in settlement?

"A. Um, hum.

"Q. And Mr. Leavell told you that he would order the draft and have it for you, is that correct?

"A. Whatever procedures he would do, I don't remember what he said.

"Q. But there was no question at that time although you didn't sign anything, I understand that—

"A. Um, hum.

"Q. There was a verbal agreement with Mr. Leavell?

"A. Verbal, yes, for $750.00.

"Q. For $750.00?

"A. Uh, huh.

"Q. You agreed to it and Mr. Leavell agreed to it, is that correct?

"A. Yes."

■ This was a judicial admission which was conclusive upon the wife. Gevinson v. Manhattan Construction Co. of Okl., 449 S.W.2d 458, 466 (Tex.1969).

The court then permitted defendant to file a trial amendment pleading settlement, and in his findings of fact found that she did make the settlement. However, he found that being married, she "had the power to dispose of her claim for personal physical pain and personal mental anguish only . . ." Hence, the damage awarded husband heretofore noted in this opin-

ion. In so holding, the trial court fell into error.

Defendant's point four to which we now turn, reads: "The trial Court erred in entering judgment for Jerry Thomas because the Release of All Claims by Barbara Thomas, as found by the trial Court, was a bar to recovery by Jerry Thomas."

In 1968 the Legislature made extensive amendments to the statutes governing the rights of spouses inter se and these were carried over into the Family Code effective January 1970. Our references hereinafter are to the sections of V.T.C.A., Family Code, § 1.01, et seq.

§ 4.04 provides: "(a) A spouse may sue and be sued without the joinder of the other spouse." And, § 5.21 says: "Each spouse has the sole management, control, and disposition of his or her separate property." The provisions of § 5.22 read:

"(a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to:

\*    \*    \*    \*    \*    \*

"(3) recoveries for personal injuries: . . ."

In the case of Few v. Charter Oak Fire Insurance Company, 463 S.W.2d 424 (Tex. 1971), the court was considering the 1968 statutes which are now embodied in the Family Code noted above. These are the holdings:

"Article 4621 [§ 5.22] gave the injured spouse powers to manage that community which she would have owned if a single person, including recoveries for personal injuries. Article 4626 [§ 4.04] authorized the wife to sue without joining her husband, but it also provided that in the case of joint and several claims, the spouses 'may be joined under the rules relating to joinder of parties generally.'

\*    \*    \*    \*    \*    \*

"The legislature surely did not intend by the use of the phrase 'may be joined' in Article 4626 [§ 4.04] to take away the sole managerial authority which it had just established in Article 4621 [§ 5.22] . . . [H]e [Mr. Few] was not an indispensable party in view of his wife's sole managerial interest in the benefit. See, 23 Sw.L.J. 55 (1969); 22 Sw.L.J. 132 (1968). We hold that Mary Frances Few properly sued without joining her husband for the recovery of workmen's compensation benefits arising out of her own injury." (463 S.W.2d at 427)

See also Graham v. Franco, 488 S.W.2d 390, 395–396 (Tex.1972).

■■ The wife, having the sole management, control and disposition of her claim for personal injuries under the family code provisions mentioned above, had the right to settle her claim therefor and to contract for a release of such claim for personal injuries. The trial court found on an abundance of evidence that she made the settlement and the question now presented is whether the settlement agreement can be made verbally. We do not know of any statute requiring such settlement agreement to be in writing, and we have been cited no case requiring a written instrument of release.

■ 76 C.J.S. Release § 6, p. 631, announces the rule: "In the absence of a statute providing otherwise, a release is not required to be in writing." See also, 50 Tex.Jur.2d, Release, § 5, p. 9, citing American Jurisprudence, now found in 66 Am.Jur.2d, Release, § 6, p. 683. It is for the Legislature and not the courts to require, as a matter of public policy, releases to be in writing.

We now proceed to render judgment in accordance with this opinion: The judgment of the trial court in favor of Jerry Thomas is now reversed and judgment rendered that he take nothing of the defendant; the wife, Barbara Thomas, shall have and recover judgment against the defendant, Charles Marcus Myers, in the amount of $750.00, together with interest thereon from the date of the judgment below until paid; all costs in all courts are adjudged against the husband, Jerry Thomas; and, finally, all relief not herein specifically granted is herein denied.

Reversed and rendered.