David Andrew **WHITTLESEY**, Petitioner,

v.

Ann P. **MILLER**, Respondent.

No. B–7551.

Supreme Court of Texas.

Oct. 11, 1978.

Rehearing Denied Nov. 22, 1978.

Lancaster Smith and Harvey L. Davis, Dallas, for petitioner.

Johannes, Robertson & Wilkinson, Ronald L. Wilkinson, Dallas, for respondent.

McGEE, Justice.

The question presented by this appeal is whether one spouse has an independent action for loss of consortium as a result of physical injuries caused to the other spouse by the negligence of a third party. The vehicle Stewart Miller was driving was involved in a collision with a vehicle driven by David Whittlesey in June 1974. In March 1976, Miller and Whittlesey entered into a settlement agreement whereby Miller released Whittlesey from liability in connec-

tion with the accident for consideration of $9,650. In June 1976, Ann Miller, Stewart's wife, sued Whittlesey for damages, alleging that Whittlesey's negligence had caused personal injury to her husband, thereby depriving her of her husband's consortium. Whittlesey was granted a summary judgment on the basis that a Texas wife could not recover for loss of consortium for the alleged negligent injury to her husband. The court of civil appeals reversed and remanded. 562 S.W.2d 904. We affirm the judgment of the court of civil appeals.

The marital relationship is the primary familial interest recognized by the courts. The remedy for the negligent or intentional impairment of this relationship is a tort action for loss of consortium.[1] J. Stein, Damages and Recovery, Personal Injury and Death Actions § 203, at 418 (1972). Consortium has been the subject of many different definitions by the courts, but it can generally be defined to include the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, and sexual relations necessary to a successful marriage. *See, e. g., Schreiner v. Fruit,* 519 P.2d 462 (Alaska 1974); *Rodriguez v. Bethlehem Steel Corp.,* 12 Cal.3d 382, 115 Cal.Rptr. 765, 525 P.2d 669 (1974); *Gates v. Foley,* 247 So.2d 40 (Fla.1971); *Whitley v. Whitley,* 436 S.W.2d 607 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); *Diaz v. Eli Lilly & Co.,* 364 Mass. 153, 302 N.E.2d 555 (1973). This defi-

nition primarily consists of the emotional or intangible elements of the marital relationship. In Texas, it does not include the "services" rendered by a spouse to the marriage.[2] These elements have been referred to as a conceptualistic unity, and the action accrues upon the substantial impairment of them. *See Hitaffer v. Argonne Co.,* 87 U.S.App.D.C. 57, 60, 183 F.2d 811, 814 *cert. denied,* 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950); *Whitley v. Whitley, supra.*

The loss of consortium can arise from either the intentional or negligent conduct of a third party toward the marital relationship. The intentional impairment of consortium can result in actions for either alienation of affections or criminal conversation.[3] Both actions have been recognized by prior Texas decisions. *Felsenthal v. McMillan,* 493 S.W.2d 729 (Tex.1973) (criminal conversation); *Kelsey-Seybold Clinic v. Maclay,* 466 S.W.2d 716 (Tex.1971) (alienation of affections); *Whitley v. Whitley,* 436 S.W.2d 607 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ) (alienation of affections).

The husband's right to recover for the negligent impairment of consortium has existed at common law, although there are no decisions by this court expressly holding this. It has only been within the past 25 years, however, that the wife's cause of action in the United States has been recognized.[4] The general acceptance of this ac-

1. The phrase "loss of consortium" is more accurately described as an element of damage rather than a cause of action. But courts have so frequently used the phrase to denote those actions in which loss of consortium is the major element of damage that "loss of consortium" has come to be referred to as a cause of action.

2. The term "services" is generally taken to include the performance by a spouse of household and domestic duties. *See Collier v. Collier,* 182 Md. 82, 32 A.2d 469 (1943); *Tribble v. Gregory,* 288 So.2d 13 (Miss.1974). In Texas, it is a concept that is entirely separate and distinct from that of consortium. In our community property system the husband and wife are equal; as such, a spouse's services counterbalance the other spouse's duty to support the community with earnings. *See Gainesville, H. & W. Ry. v. Lacy,* 86 Tex. 244, 24 S.W. 269

(1893); *Firence Footwear Co. v. Campbell,* 406 S.W.2d 516 (Tex.Civ.App.—Houston 1966), *rev'd on other grounds on motion for rehearing,* 411 S.W.2d 636 (Tex.Civ.App.—Houston 1967, writ ref'd n. r. e.). Furthermore, the services of the spouse performing such are thus recoverable as a damage to the community. *See* McKnight, *Matrimonial Property,* 26 Sw.L.J. 31, 49 n. 149 (1972).

3. It should be noted that the tort action of criminal conversation was recently abolished by the Legislature. Tex.Family Code Ann. § 4.05 (Supp.1978).

4. The history of both the husband's and wife's action for loss of consortium has been recounted numerous times in opinions on the subject by the courts of other states. We do not think it is necessary for us to do so here. However,

tion is reflected in the Restatement (Second) of Torts § 693 (1977), which now states:

"(1) One who by reason of his tortious conduct is liable to one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of the society and services of the first spouse, including impairment of capacity for sexual intercourse. . . ."

Comment a to the above characterizes the spouse who suffered the bodily harm as a result of the tortious conduct as the "impaired spouse"; the spouse who brings the independent consortium action is characterized as the "deprived spouse." We find these designations to be pertinent and will use them in the balance of this opinion to assist in simplifying the discussion.

The present action for negligent impairment of consortium contemplates a single tortious act which injures both spouses by virtue of their relationship to each other. *Rodriguez v. Bethlehem Steel Corp.,* 115 Cal.Rptr. at 780, 525 P.2d at 684; *General Electric Co. v. Bush,* 88 Nev. 360, 498 P.2d 366, 371 (1972). While the impaired spouse sustains direct physical injuries, the deprived spouse sustains damage to emotional interests stemming from their relationship. In the respective causes of action, the impaired spouse would have the exclusive right to recover for the normal damages associated with such an injury—bodily injuries, medical expenses, pain and suffering, loss of earnings, et cetera. The deprived spouse would have the right to bring an action for the loss of consortium and seek recovery on the basis of harm to the intangible or sentimental elements. Finally, while the deprived spouse's suit for loss of consortium is considered to be derivative of the impaired spouse's negligence action to the extent that the tortfeasor's liability to the impaired spouse must be established, the consortium action is, nevertheless, independent and apart from that of the impaired spouse's negligence action. *See Gates v. Foley,* 274 So.2d 40 (Fla.1971);

*Thill v. Modern Erecting Co.,* 284 Minn. 508, 170 N.W.2d 865 (1969); *Peeples v. Sargent,* 77 Wis.2d 612, 253 N.W.2d 459 (1977); W. Prosser, Handbook of the Law of Torts § 125, at 893 (4th ed. 1971).

It has been argued that the deprived spouse's loss of consortium is an injury that is too indirect to be compensated because the elements involved are too intangible or conjectural to be measured in pecuniary terms by a jury. We do not agree, for to do so would mean that a jury would also be incompetent to award damages for pain and suffering. The character of harm to the intangible or sentimental elements is not illusory. *General Electric Co. v. Bush,* 498 P.2d at 370. The loss of companionship, emotional support, love, felicity, and sexual relations are real, direct, and personal losses. *See Rodriguez v. Behtlehem Steel Corp., supra; Ekalo v. Constructive Service Corp.,* 46 N.J. 82, 215 A.2d 1 (1965); *Millington v. Southeastern Elevator Co.,* 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897 (1968); Note, *Judicial Treatment of Negligent Invasion of Consortium,* 61 Colum.L.Rev. 1341 (1961). It is recognized that these terms concern subjective states which present some difficulty in translating the loss into a dollar amount. The loss, however, is a real one requiring compensation, and "the issue generally must be resolved by the 'impartial conscience and judgment of jurors who may be expected to act reasonably, intelligently and in harmony with the evidence.'" *Rodriguez v. Bethlehem Steel Corp.,* 115 Cal.Rptr. at 777, 525 P.2d at 681.

As previously noted, there are no decisions by this court holding that a husband could recover for loss of consortium when his wife was negligently injured by a third party. In the case of *Garrett v. Reno Oil Co.,* 271 S.W.2d 764 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.), it was expressly held that the wife had no such cause of action when her husband was negligently injured by a third party. Whittle-

for a detailed discussion of both the purpose and development of the spouses' respective actions, see Comment, *The Negligent Impairment*

*of Consortium—A Time for Recognition as a Cause of Action in Texas,* 7 St. Mary's L.J. 864 (1976).

sey therefore contends that no cause of action exists for either spouse as a result of the above facts, and, consequently, a new cause of action should only be created by the Legislature. This contention is primarily based on statements in the *Garrett* opinion that the wife's action would be denied until the Legislature effected the change. An analysis of the law in effect at the time of the *Garrett* decision reveals that there were only a few jurisdictions that recognized the wife's cause of action. This fact well accounts for the court's reluctance in deviating from the common law rule then in effect that was so "universal and of such long standing." *Garrett v. Reno Co.,* 271 S.W.2d at 766.

Such an abdication of judicial responsibility is no longer called for in light of present social realities. The law is not static; and the courts, whenever reason and equity demand, have been the primary instruments for changing the common law through a continual re-evaluation of common law concepts in light of current conditions. *See Rodriguez v. Bethlehem Steel Corp., supra; Gates v. Foley, supra; Dini v. Naiditch,* 20 Ill.2d 406, 170 N.E.2d 881 (1960); Comment, *The Negligent Impairment of Consortium—A Time for Recognition as a Cause of Action in Texas,* 7 St. Mary's L.J. 864, 881–

82 (1976). Providing either spouse with a cause of action for loss of consortium would allow us to keep pace with modern society by recognizing that the emotional interests of the marriage relationship are as worthy of protection from negligent invasion as are other legally protected interests. *See* Green, *Protection of the Family Under Tort Law,* 10 Hastings L.J. 237 (1959).

Therefore, we hold that either spouse has a cause of action for loss of consortium that might arise as a result of an injury caused to the other spouse by a third party tortfeasor's negligence.[5] This holding not only aligns Texas with the majority of jurisdictions recognizing the action for either spouse,[6] but it also corrects a paradox in the law of this state in that heretofore the marital relationship has been protected from only intentional invasions. Finally, we expressly disapprove of the *Garrett v. Reno Oil Co.* decision to the extent that it conflicts with this opinion.

Whittlesey also contends that the cause of action does not exist for either spouse in Texas for the reason that marital rights and property are not governed by the common law but by the community property rules of the civil law. Under this view the

**5.** Because of this holding, a detailed discussion of the effect of the Texas Equal Rights Amendment on the validity of the wife's cause of action is unnecessary. The court of civil appeals noted that although there were no Texas decisions expressly holding that a husband could recover damages for the loss of his wife's consortium when she was negligently injured by a third party, that right existed at common law and was thus incorporated into the law of this state in 1840. *See* Tex.Rev.Civ.Stat.Ann. art. 1 (1969). In recognizing the wife's right of recovery, the court reasoned that after the Texas Equal Rights Amendment, Tex.Const. art. I, § 3a, was adopted, this modified the common law to such an extent that it would be improper to deny the right to recover based upon the sex of the party bringing the suit.

**6.** Either by statute or judicial decision, the cause of action for either spouse for the loss of consortium has been recognized in the great majority of states. This has long been favored by legal commentators. *See, e. g.,* 1 F. Harper & F. James, The Law of Torts, § 8.9, at 643 (1956); W. Prosser, Handbook of the Law of Torts, § 125, at 888–94 (4th ed. 1971); Hol-

brook, *The Change in the Meaning of Consortium,* 22 Mich.L.Rev. 1 (1923); Lippman, *The Breakdown of Consortium,* 30 Colum.L.Rev. 651 (1930); Comment, *The Development of the Wife's Cause of Action for Loss of Consortium,* 14 Catholic Law. 246 (1968); Note, *Judicial Treatment of Negligent Invasion of Consortium,* 61 Colum.L.Rev. 1341 (1961). The nine states not recognizing the action are: *Connecticut: Lockwood v. Wilson H. Lee Co.,* 144 Conn. 155, 128 A.2d 330 (1956); *Kansas: Hoffman v. Dautel,* 192 Kan. 406, 388 P.2d 615 (1964); *Louisiana: Bourque v. American Mut. Liab. Ins. Co.,* 345 So.2d 237 (La.App.1977); *New Mexico: Roseberry v. Starkovich,* 73 N.M. 211, 387 P.2d 321 (1963); *North Carolina: Cozart v. Chapin,* 35 N.C.App. 254, 241 S.E.2d 144 (1978); *Utah: Ellis v. Hathaway,* 27 Utah 2d 143, 493 P.2d 985 (1972); *Virginia: Carey v. Foster,* 221 F.Supp. 185 (E.D.Va.1963), *aff'd,* 345 F.2d 772 (4th Cir. 1965); *Washington: Ash v. S. S. Mullen, Inc.,* 43 Wash.2d 345, 261 P.2d 118 (1953); *Wyoming: Bates v. Donnafield,* 481 P.2d 347 (Wyo.1971).

Legislature must expressly authorize the action, which it has neglected to do here. This contention fails for the reason that, although touching on the marital relationship, the right to recover for the loss of consortium is a tort action recognized at common law. *See, e. g., Hyde v. Seyssor,* 79 Eng.Rep. 462 (K.B.1619).

Whittlesey argues that there is a possibility of a double recovery if the cause of action is allowed. To allow the deprived spouse to recover for damages arising from an injury to the impaired spouse after the impaired spouse has been compensated would mean the community could recover twice for the same injury. This is not so. First, as we have previously indicated in this opinion, there is no duplication of recovery. Each spouse recovers for losses peculiar to the injury sustained by each of them. On the one hand, the impaired spouse recovers for those distinct damages arising out of the direct physical injuries. On the other hand, the recovery for the loss of consortium by the deprived spouse is predicated on separate and equally distinct damages to the emotional interests involved. Furthermore, it cannot be said that the character of the deprived spouse's recovery for loss of consortium is community property. It is clear that a recovery for personal injuries in Texas, other than that for loss of earning capacity, is the separate property of that spouse. *See Graham v. Franco,* 488 S.W.2d 390 (Tex.1972); Tex. Family Code Ann. § 5.01(a)(3); McKnight, *Matrimonial Property,* 26 Sw.L.J. 31, 49 n. 149 (1972).

■ Neither are we persuaded by Whittlesey's argument that Ann Miller's action, as the deprived spouse, is barred by the settlement agreement executed by her husband. The settlement related solely to the claims of the husband arising out of the accident. The wife did not sign the release nor can the language of the release be construed to apply to her separate and independent claim for loss of consortium. Moreover, there was no showing that the husband had the authority to enter into a settlement on behalf of his wife. Conse-quently, we hold that the settlement executed by the husband in this case did not preclude the wife's right to pursue her cause of action for loss of consortium. This result obtains because a personal injury recovery is, as stated above, the separate property of the spouse recovering it. Section 5.21 of the Texas Family Code states that "[e]ach spouse has the sole management, control, and disposition of his or her separate property." In the absence of evidence showing authority, the mere relationship of husband and wife does not give the husband authority to contract with regard to the wife's separate property. Therefore, the deprived spouse had the sole power to settle her claim because of her management powers. *See Myers v. Thomas,* 502 S.W.2d 941 (Tex.Civ.App.—Beaumont 1973, no writ); *Jamail v. Thomas,* 481 S.W.2d 485 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.); McKnight, *Matrimonial Property,* 22 Sw.L.J. 129, 132 (1968). *See generally* W. Prosser, Handbook of the Law of Torts § 125, at 893 (4th ed. 1971).

■ As to the retroactive application of our holding that either spouse has a cause of action for the negligent impairment of consortium where the other spouse has been negligently injured by a third party, we declare, as a matter of sound administration and fairness, that this holding shall be applicable only in the present case and those actions arising after the effective date of this decision.

Accordingly, we affirm the judgment of the court of civil appeals.