MINYARD FOOD STORES

v.

Robert NEWMAN.

No. B–9741.

Supreme Court of Texas.

Dec. 17, 1980.

Rehearing Denied March 11, 1981.

Strasbueger & Price, Royal H. Brin, Jr., Patrick F. McGowan, and E. Thomas Bishop, Dallas, for petitioner.

John H. Cochran, Dallas, for respondent.

PER CURIAM.

The plaintiff, Robert Newman, was a witness to his wife's slip and fall accident in Minyard's store. Before this suit was brought, the wife and Minyard settled her claim; but the husband was not joined in the settlement agreement.

Robert Newman then brought this action for his own alleged injuries, for his mental suffering and for loss of consortium.

The trial court granted Minyard's motion for summary judgment. The court of civil appeals reversed the judgment of the trial court as to both grounds of recovery: (1) mental anguish and (2) loss of consortium. It remanded the cause for trial. 601 S.W.2d 754.

*Loss of Consortium*

■ The opinion of the court of civil appeals conflicts with the opinion of this Court in *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978).

In *Whittlesey*, this Court held:

As to the retroactive application of our holding that either spouse has a cause of action for the negligent impairment of consortium where the other spouse has been negligently injured by a third party, we declare, as a matter of sound administration and fairness, that this holding shall be applicable only in the present case and those actions arising after the effective date of this decision.

572 S.W.2d at 669.

Plaintiff's wife fell in January of 1978. *Whittlesey* was decided in October of 1978.

The plaintiff's cause of action, therefore, arose before "the effective date of this decision," and not after its effective date.

As the opinion of the court of civil appeals reflects, it regarded the above holding as mere dictum which it declined to follow in the absence of specific direction to the contrary. The holding is not mere dictum; and, as stated, the holding of the court of civil appeals is directly in conflict with our *Whittlesey* decision.

The loss of consortium cause of action is severed from the alleged cause of action for mental suffering. As to the loss of consortium action, pursuant to Rule 483, Texas Rules of Civil Procedure, the writ of error is granted; and without oral argument, the judgment of the court of civil appeals is reversed and that of the trial court is affirmed.

### Mental Anguish

■ The court of civil appeals held that the trial court erred in granting Minyard's motion for summary judgment as to the cause of action alleged for mental suffering. It reversed the judgment of the trial court and remanded the cause for trial. The court of civil appeals correctly observed that we did not reach this particular law question as to mental anguish in *Bedgood v. Madalin*, 600 S.W.2d 773 (Tex.1980).

We agree with the judgment of the court of civil appeals that the trial court erred in granting summary judgment for Minyard. The question of mental anguish should be determined after a development of the fact. Accordingly, as to this severed cause of action, the application for writ of error of Minyard is refused, no reversible error.