Valerie Gordon **WILLIAMS**, Idessa Beatrice Chuka, Mollie Sue Gordon, Dollie Lue Gordon Adedoyin, Annie Marie Gordon, Barbara Ann Marrow, Teresa Ann Gordon, James Earl Gordon, Carl Elwood Gordon, Gearldine Gordon, Leon Gordon, Leroy Gordon, and Tracy Marie Gordon, Appellants,

v.

**TEXACO REFINING & MARKETING, INC.**, Star Enterprise, John J. Fietsam, John J. Fietsam, Inc., Fleetwood Travel Trailers of Texas, Inc., Appellees.

No. 01–93–00005–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1993.

Coleman, Bartlett & Associates a Professional Corp., Thomas Lee Bartlett, Tom F. Coleman, Houston, for appellants.

Doyle, Reed, Restrepo, Harvin & Robbins, Michael D. Robbins, Bradley M. Whalen, Elizabeth G. Schiffer, Houston, for appellees.

Before MIRABAL, COHEN and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

The question presented is whether a common-law cause of action, for tortious injury to a familial relationship, exists in favor of the surviving brothers and sisters of a deceased. The trial court ruled that no such cause of action exists. We affirm.

The mother, children, and 13 surviving siblings of Willie James Gordon sued appellees Texaco Refining & Marketing, Inc. ("Texaco"), Star Enterprise ("Star"), John J. Fietsam and John J. Fietsam, Inc. ("Fietsam"), and Fleetwood Travel Trailers of Texas, Inc. ("Fleetwood Travel") in connection with Gordon's death in a trailer fire on December 22, 1990. At the time of his death, Gordon was 35–years old. Appellees moved for summary judgment, and the trial court granted summary judgment against the Gordon siblings. The claims of Gordon's mother and children were settled. The Gordon siblings appeal, asserting in two points of error that the trial court erred in granting summary judgment and ruling that the Gordon siblings do not have a common-law cause of action for tortious injury to familial relationship.

Appellants admit that there is no authority in Texas expressly recognizing the existence of a common-law cause of action for a sibling's loss of consortium. Instead, appellants argue (1) that the absence of a remedy under Texas' wrongful death statute merits a re-examination of the common-law, and (2) that the trend in Texas cases supports recognition of a cause of action for a sibling's loss of consortium.

■ A long line of Texas Supreme Court precedent holds that no *common-law* cause of action exists for wrongful death. *Moreno*

*v. Sterling Drug, Inc.,* 787 S.W.2d 348, 356 (Tex.1990); *Duhart v. State,* 610 S.W.2d 740, 742 n. 2 (Tex.1980); *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 186 (Tex. 1968); *Elliott v. City of Brownwood,* 106 Tex. 292, 166 S.W. 1129 (1914); *Galveston, Harrisburg & San Antonio R.R. v. Le Gierse,* 51 Tex. 189, 199 (Tex.1879). A wrongful death cause of action exists only to the extent that a statute has changed the common-law rule. *Moreno,* 787 S.W.2d at 356.

■ Texas' wrongful death statute expressly limits recovery to the surviving spouse, children and parents of the deceased. TEX.CIV.PRAC. & REM.CODE ANN. § 71.004 (Vernon 1986). To the extent that the Texas Supreme Court has created a common-law cause of action for loss of consortium, it has done so only as to spouses and children, and only when the loss is the result of an injury, rather than death. *Whittlesey v. Miller,* 572 S.W.2d 665, 668 (Tex.1978); *Reagan v. Vaughan,* 804 S.W.2d 463, 466 (Tex.1990).

Appellants' assertion that the trend in Texas cases supports recognition of a cause of action for siblings' loss of consortium is without merit. The trend to which appellants refer is a series of cases, culminating in the case of *Reagan v. Vaughan,* which recognize a cause of action for loss of consortium between spouses, and between parents and children. *Whittlesey,* 572 S.W.2d at 668 (recognizing a common-law cause of action for loss of consortium between spouses where the spouse is injured but not killed); *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex.1983) (holding that damages for mental anguish are recoverable by parents under the Texas Wrongful Death Act for the death of a child); *Cavner v. Quality Control Parking,* 696 S.W.2d 549 (Tex.1985) (recognizing a child's right to recover damages under the Texas Wrongful Death Act for loss of companionship and society resulting from the death of a parent).

In *Reagan,* the minor child of the plaintiff in a personal injury suit sued to recover for loss of parental consortium as a result of the disabling injury suffered by the parent.

*Reagan,* 804 S.W.2d at 464. Citing the "obvious and unquestionable significance of the parent-child relationship," the Texas Supreme Court recognized a cause of action for loss of parental consortium when a third party causes serious, permanent and disabling injuries to the parent. *Id.* at 466.

Appellants contend that the Texas Supreme Court's recognition in *Reagan, Whittlesey, Sanchez* and *Cavner* that injuries to the "familial relationship" are worthy of compensation, applies to the familial relationship among siblings as well. However, statements in the Supreme Court's opinion in *Reagan* refute this contention:

> Respondents have suggested that recognition of this cause of action will somehow have the snowball effect of leading to the recognition of actions in favor of siblings, grandparents, close friends, and so on. *We have little difficulty limiting recovery to the parent-child relationship.* We recognize, as did the Wisconsin Supreme Court, that the two relationships likely to be most severely affected by a negligent injury to a person are the husband and wife relationship and that of the parent and child:
>
>> *The distinction between the interests of children and those of other relatives is rational and easily applied.* Most children are dependent on their parents for emotional sustenance. This is rarely the case with more remote relatives. Thus, by limiting the plaintiffs in the consortium action to the victim's children, the courts would ensure that the losses compensated would be both real and severe.

*Reagan,* 804 S.W.2d at 466 (citing *Theama v. City of Kenosha,* 117 Wis.2d 508, 344 N.W.2d 513 (1984)) (emphasis added).

We overrule appellants' two points of error.

Appellees Fietsam and Fleetwood Travel request this Court to assess frivolous appeal damages against appellants, as authorized by Tex.R.App.P. 84. We decline to do so.

We affirm the judgment.