TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00598-CV






Hazel Simpson, Individually and as next friend of her minor son 


Brandon Simpson, Appellant



v.



State of Texas; Texas Youth Commission; Giddings State School; Steve Robinson,


Individually and as Executive Director of the Texas Youth Commission and


Stan Degerolami as Superintendent of Giddings State School; and


Sandra Burnham, Individually, Appellees






FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 11,062, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING 






 Appellant Hazel Simpson sued appellees seeking common-law damages arising from
a sexual assault. Appellees filed a motion for summary judgment on the ground that Simpson's 
cause of action was barred under section 408.001 of the Texas Labor Code. The trial court
granted appellees' motion. On appeal, Simpson asserts in two issues that the trial court erred in
granting appellees' motion for summary judgment. We will affirm.


BACKGROUND


 On January 5, 1994, Simpson, who was teaching at the Giddings State School, was
sexually assaulted by one of her students while in the course and scope of her employment. 
Having sustained injuries from the assault, Simpson filed for and received workers' compensation
benefits. Simpson sued appellees individually and on behalf of her son alleging that appellees
were negligent in: (1) failing to provide an alarm or "panic-button" that Simpson could carry on
her person; (2) failing to provide and use electronic, mechanical, and/or motor-driven surveillance
or monitoring equipment in Simpson's classroom; (3) failing to provide a properly designed
classroom to ensure Simpson's safety; and (4) failing to keep, interpret, and act in accordance with
and make available to Simpson appropriate records on students who were likely to commit violent
acts. She further alleged that her injuries and her son's loss of parental consortium resulted from
appellees' intentional acts and omissions because appellees were substantially certain that injuries
would result from such acts or omissions. Appellees moved for summary judgment, contending
solely that Simpson's suit was barred under section 408.001 of the Texas Labor Code by her
earlier election of the workers' compensation remedy. The trial court granted appellees' motion
for summary judgment.


DISCUSSION


 Simpson contends in her first issue that appellees' failure to provide a safe
workplace, which appellees knew was substantially certain to result in an injury, is not barred 
under section 408.001 of the Texas Labor Code because appellees' actions or omissions were
intentional. The Workers' Compensation Act states in pertinent part:


(a) Recovery of workers' compensation benefits is the exclusive remedy of an
employee covered by workers' compensation insurance coverage or a legal
beneficiary against the employer or an agent or employee of the employer for
the death or a work-related injury sustained by the employee.



Tex. Labor Code Ann. § 408.001(a) (West 1996). Section 408.001 provides that workers'
compensation benefits is the exclusive remedy for injuries employees sustain in the course of their
employment. See Rodriguez v. Naylor Indus., Inc., 763 S.W.2d 411, 412 (Tex. 1989);
Castleberry v. Goolsby Bldg. Corp., 617 S.W.2d 665, 666 (Tex. 1981). An employee who
receives workers' compensation benefits may not bring suit for injuries caused by his employer's
negligence, or even gross negligence; however, section 408.001 does not bar claims against an
employer for intentional torts. See Rodriguez, 763 S.W.2d at 412; Castleberry, 617 S.W.2d at
666. Therefore, Simpson's suit is barred by section 408.001 unless she can establish that
appellees' acts or omissions were intentional.

 In Reed Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985), the Texas Supreme
Court adopted the definition of "intent" provided in the Restatement (Second) of Torts. Intent
means "that the actor desires to cause consequences of his act, or that he believes that the
consequences are substantially certain to result from it." Restatement (Second) of Torts § 8A
(1965). The court then held "that the intentional failure to furnish a safe place to work does not
rise to the level of intentional injury except when the employer believes his conduct is substantially
certain to cause the injury." Reed Tool Co., 689 S.W.2d at 407.

 Summary judgment is proper only if the movant establishes that there are no
genuine issues of material fact and that he is entitled to judgment as a matter of law. See City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675-79 (Tex. 1979). On appeal from a
summary judgment, the evidence favorable to the non-movant will be taken as true, and all doubts
will be resolved in favor of the non-movant. Wilcox v. St. Mary's Univ., 531 S.W.2d 589, 593
(Tex. 1975). Appellees therefore are entitled to summary judgment only if they established as a
matter of law that their conduct was not intentional.

 Simpson argues that because her allegations of intentional actions and omissions on
the part of appellees are not controverted, her cause of action against appellees is not barred under
section 408.001. For this to be true, however, we must examine the petition to see if it alleges
facts which constitute intentional acts by appellees. See State Farm Gen. Ins. Co. v. White, 955
S.W.2d 474, 476 (Tex. App.--Austin 1997, no pet.). We conclude that it does not. The facts
alleged in Simpson's first amended petition are that Simpson was sexually assaulted by a student
at Giddings State School; that shortly before the assault, the student told appellees that he could
not control his assaultive impulses; and that appellees did not warn Simpson of the student's
violent tendencies. The petition does not allege an intent to harm; it merely presents facts
constituting and expressly accusing appellees of negligence in failing to warn Simpson of the
student's violent tendencies.

 Neither do we conclude that appellees' omission constitutes intentional conduct 
under a "substantial certainty" test. Simpson alleges that appellees' omissions were intentional
because they were substantially certain to result in injury. The Texas Supreme Court has held
otherwise, stating:


the defendant who acts in the belief or consciousness that the act is causing an
appreciable risk of harm to another may be negligent, and if the risk is great the
conduct may be characterized as reckless or wanton, but it is not an intentional
wrong.


State Farm Fire & Casualty Co. v. S.S., 858 S.W.2d 374, 378 (Tex. 1993) (citing W. Page
Keeton et al., Prosser and Keeton on the Law of Torts, § 8, at 35-36 (5th ed. 1984)). While
appellees' failure to warn Simpson may have placed her in an appreciable risk of harm, there is
no evidence that appellees knew with substantial certainty that any teacher, including Simpson,
would be assaulted as a result of their failure to warn. Therefore, we overrule the contentions
raised in Simpson's first issue.

 In her second issue, Simpson contends that because she alleged appellees committed
an intentional tort, her son's loss of consortium claim remains viable. Her son's loss of
consortium claim is derivative of Simpson's claims against appellees. See Copelin, 610 S.W.2d
at 738-39; Whittlesey v. Miller, 572 S.W.2d 665, 667 (Tex. 1978). Because we have concluded
that Simpson's claims are barred under section 408.001, so too is her son's loss of consortium
claim. Accordingly, the argument raised in issue two is overruled.


CONCLUSION


 Having overruled the contentions raised in Simpson's two issues, we affirm the
judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 15, 1999

Publish



ed Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985), the Texas Supreme
Court adopted the definition of "intent" provided in the Restatement (Second) of Torts. Intent
means "that the actor desires to cause consequences of his act, or that he believes that the
consequences are substantially certain to result from it." Restatement (Second) of Torts § 8A
(1965). The court then held "that the intentional failure to furnish a safe place to work does not
rise to the level of intentional injury except when the employer believes his conduct is substantially
certain to cause the injury." Reed Tool Co., 689 S.W.2d at 407.

 Summary judgment is proper only if the movant establishes that there are no
genuine issues of material fact and that he is entitled to judgment as a matter of law. See City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675-79 (Tex. 1979). On appeal from a
summary judgment, the evidence favorable to the non-movant will be taken as true, and all doubts
will be resolved in favor of the non-movant. Wilcox v. St. Mary's Univ., 531 S.W.2d 589, 593
(Tex. 1975). Appellees therefore are entitled to summary judgment only if they established as a
matter of law that their conduct was not intentional.

 Simpson argues that because her allegations of intentional actions and omissions on
the part of appellees are not controverted, her cause of action against appellees is not barred under
section 408.001. For this to be true, however, we must examine the petition to see if it alleges
facts which constitute intentional acts by appellees. See State Farm Gen. Ins. Co. v. White, 955
S.W.2d 474, 476 (Tex. App.--Austin 1997, no pet.). We conclude that it does not. The facts
alleged in Simpson's first amended petition are that Simpson was sexually assaulted by a student
at Giddings State School; that shortly before the assault, the student told appellees that he could
not control his assaultive impulses; and that appellees did not warn Simpson of the student's
violent tendencies. The petition does not allege an intent to harm; it merely presents facts
constituting and expressly accusing appellees of negligence in failing to warn Simpson of the
student's violent tendencies.

 Neither do we conclude that appellees' omission constitutes intentional conduct 
under a "substantial certainty" test. Simpson alleges that appellees' omissions were intentional
because they were substantially certain to result in injury. The Texas Supreme Court has held
otherwise, stating:


the defendant who acts in the belief or consciousness that the act is causing an
appreciable risk of harm to another may be negligent, and if the risk is great the
conduct may be characterized as reckless or wanton, but it is not an intentional
wrong.


State Farm Fire & Casualty Co. v. S.S., 858 S.W.2d 374, 378 (Tex. 1993) (citing W. Page
Keeton et al., Prosser and Keeton on the Law of Torts, § 8, at 35-36 (5th ed. 1984)). While
appellees' failure to warn Simpson may have placed her in an appreciable risk of harm, there is
no evidence that appellees knew with substantial certainty that any teacher, including Simpson,
would be assaulted as a result of their failure to warn. Therefore, we overrule the contentions
raised in Simpson's first issue.

 In her second issue, Simpson contends that because she alleged appellees committed
an intentional tort, her son's loss of consortium claim remains viable. Her son's loss of
consortium claim is derivative of Simpson's claims against appellees. See Copelin, 610 S.W.2d
at 738-39; Whittlesey v. Miller, 572 S.W.2d 665, 667 (Tex. 1978). Because we have concluded
that Simpson's claims are barred under section 408.001, so too is her son's loss of consortium
claim. Accordingly, the argument raised in issue two is overruled.


CONCLUSION


 Having overruled the contentions raised in Simpson's two issues, we affirm the
judgment of the trial court.