NO. 07-05-0051-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 24, 2006


______________________________



JORGE VALENCIANA, Individually and as the Personal Representative


of the Estate of Angelita Valenciana, 



 Appellant


v.



HEREFORD BI-PRODUCTS MANAGEMENT, LTD., 


 HEREFORD BI-PRODUCTS MANAGEMENT, L.L.C., and GARTH
MERRICK f/k/a and/or successors-in-interest to HEREFORD

 BI-PRODUCTS, INC., 


 Appellees

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B-32163-0205; HON. ED SELF, PRESIDING


_______________________________



Order of Dismissal


______________________________





Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Jorge Valenciana, individually and as the representative of the estate of
Angelita Valenciana (Angelita), appealed from a take-nothing judgment entered in favor
of appellees Hereford Bi-Products Management, Ltd., Hereford Bi-Products Management,
L.L.C., and Garth Merrick, formerly known as and/or successors-in-interest to Hereford Bi-Products, Inc. (collectively referred to as Hereford). On January 9, 2006, Hereford Bi-Products filed a motion to dismiss the appeal. We grant it. 

 The record discloses that Jorge Valenciana sued Hereford for personal injuries
allegedly incurred while in the employ of Hereford. Angelita joined in the suit seeking
recovery for the loss of consortium. She died after trial commenced, however. Given this,
Jorge filed a suggestion of death informing the trial court and his opponents of the
circumstance and requested leave to proceed individually and as the representative of
Angelita's estate. The suit was tried to a jury, which body entered a verdict denying both
plaintiffs recovery. Judgment was then entered on that verdict. 

 Jorge, individually and as representative of Angelita's estate, timely appealed from
the judgment. So too did he individually petition for relief under Chapter 7 of the United
States Bankruptcy Code during the pendency of the appeal. A bankruptcy trustee was
appointed to take possession of Jorge's assets. That trustee has now informed this court 
in writing of her intent not to pursue the appeal.

 Upon one's petitioning for relief under chapter 7 of the United States Bankruptcy
Code, a bankruptcy estate arises by operation of law. The estate consists of all legal and
equitable interests of the debtor in property as of the commencement of the case. 11
U.S.C.A. § 541(a)(1) (2004). These interests include not only causes of action themselves,
Lawrence v. Jackson Mack Sales, Inc., 837 F. Supp. 771, 779 (S.D. Miss. 1992), aff'd, 42
F.3d 642 (5th Cir. 1994), but also any appellate rights related to those causes. In re
Mozer, 302 B.R. 892, 895-96 (Bankr. C.D. Cal. 2003). Furthermore, the entity vested with
the authority to prosecute those rights is the trustee appointed to administer the bankrupt
estate. 11 U.S.C.A. § 704(1) (2004); Cable v. Ivy Tech State College, 200 F.3d 467, 472
(7th Cir. 1999). So, since Jorge petitioned for chapter 7 bankruptcy relief, the causes of
action and rights underlying this pending appeal became part of the bankruptcy estate. 
More importantly, he no longer has standing to pursue them; the bankruptcy trustee does. 
And, since the trustee informed this court that she does not care to pursue them, we are
authorized to dismiss the claims of Jorge. (1) Tex. R. App. P. 42.1(a) (stating that an appeal
may be dismissed on the request of the appellant). 

 Next, the record illustrates that Angelita sought damages from Hereford for loss of
consortium. Claims of lost spousal consortium are derivative in nature. Whittlesey v.
Miller, 572 S.W.2d 665, 667 (Tex. 1978). That is, recovery for lost consortium is
dependent upon establishing the tortfeasor's liability to the other spouse. Id. For instance,
if a wife requests such damages due to injuries suffered by her husband, it must be shown
that the tortfeasor is liable to the husband. If not, then there is no recovery for either
spouse. Reagan v. Vaughn, 804 S.W.2d 463, 466-67 (Tex. 1990) (involving the loss of
parental consortium and stating that any defense that tends to constrict or exclude the
defendant's liability to the injured parent will have the same effect on the child's consortium
action). In applying these rules to Angelita's claims, we cannot but dismiss them as well. 
Simply put, the decision by the trustee to forego appeal leaves intact the judgment
absolving Hereford of liability for Jorge's purported injuries. So, because he cannot
recover upon his claims against Hereford and since Angelita's are derivative of his, she
cannot recover either, as a matter of law. 

 Accordingly, we grant the motion of Hereford and dismiss the entire appeal.


 Brian Quinn 

 Chief Justice
1. Hereford contended that the appeal was subject to dismissal because Jorge failed to disclose it as
an asset in his bankruptcy schedules. The schedules tendered by Hereford were not authenticated, however.
So, we cannot consider them as evidence supporting the motion.