NO. 07-05-0051-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 24, 2006
_____

JORGE VALENCIANA, Individually and as the Personal Representative
of the Estate of Angelita Valenciana,

Appellant

v.

HEREFORD BI-PRODUCTS MANAGEMENT, LTD.,
HEREFORD BI-PRODUCTS MANAGEMENT, L.L.C., and GARTH
MERRICK f/k/a and/or successors-in-interest to HEREFORD
BI-PRODUCTS, INC.,

Appellees
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B-32163-0205; HON. ED SELF, PRESIDING
_____

*Order of Dismissal*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Jorge Valenciana, individually and as the representative of the estate of

Angelita Valenciana (Angelita), appealed from a take-nothing judgment entered in favor

of appellees Hereford Bi-Products Management, Ltd., Hereford Bi-Products Management,

L.L.C., and Garth Merrick, formerly known as and/or successors-in-interest to Hereford Bi-

Products, Inc. (collectively referred to as Hereford).  On January 9, 2006, Hereford Bi-Products filed a motion to dismiss the appeal.  We grant it.

The record discloses that Jorge Valenciana sued Hereford for personal injuries allegedly incurred while in the employ of Hereford.  Angelita joined in the suit seeking recovery for the loss of consortium.  She died after trial commenced, however.  Given this, Jorge filed a suggestion of death informing the trial court and his opponents of the circumstance and requested leave to proceed individually and as the representative of Angelita's estate.  The suit was tried to a jury, which body entered a verdict denying both plaintiffs recovery.  Judgment was then entered on that verdict.

Jorge, individually and as representative of Angelita's estate, timely appealed from the judgment.  So too did he individually petition for relief under Chapter 7 of the United States Bankruptcy Code during the pendency of the appeal.  A bankruptcy trustee was appointed to take possession of Jorge's assets.  That trustee has now informed this court in writing of her intent not to pursue the appeal.

Upon one's petitioning for relief under chapter 7 of the United States Bankruptcy Code, a bankruptcy estate arises by operation of law.  The estate consists of all legal and equitable interests of the debtor in property as of the commencement of the case.  11 U.S.C.A. § 541(a)(1) (2004).  These interests include not only causes of action themselves, *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 779 (S.D. Miss. 1992), *aff'd,* 42 F.3d 642 (5th Cir. 1994), but also any appellate rights related to those causes.  *In re Mozer*, 302 B.R. 892,  895-96 (Bankr. C.D. Cal. 2003).  Furthermore, the entity vested with the authority to prosecute those rights is the trustee appointed to administer the bankrupt estate.  11 U.S.C.A. § 704(1) (2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472

2

(7th Cir. 1999). So, since Jorge petitioned for chapter 7 bankruptcy relief, the causes of action and rights underlying this pending appeal became part of the bankruptcy estate. More importantly, he no longer has standing to pursue them; the bankruptcy trustee does. And, since the trustee informed this court that she does not care to pursue them, we are authorized to dismiss the claims of Jorge.[1] TEX. R. APP. P. 42.1(a) (stating that an appeal may be dismissed on the request of the appellant).

Next, the record illustrates that Angelita sought damages from Hereford for loss of consortium. Claims of lost spousal consortium are derivative in nature. *Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978). That is, recovery for lost consortium is dependent upon establishing the tortfeasor's liability to the other spouse. *Id.* For instance, if a wife requests such damages due to injuries suffered by her husband, it must be shown that the tortfeasor is liable to the husband. If not, then there is no recovery for either spouse. *Reagan v. Vaughn*, 804 S.W.2d 463, 466-67 (Tex. 1990) (involving the loss of parental consortium and stating that any defense that tends to constrict or exclude the defendant's liability to the injured parent will have the same effect on the child's consortium action). In applying these rules to Angelita's claims, we cannot but dismiss them as well. Simply put, the decision by the trustee to forego appeal leaves intact the judgment absolving Hereford of liability for Jorge's purported injuries. So, because he cannot recover upon his claims against Hereford and since Angelita's are derivative of his, she cannot recover either, as a matter of law.

---

[1]Hereford contended that the appeal was subject to dismissal because Jorge failed to disclose it as an asset in his bankruptcy schedules. The schedules tendered by Hereford were not authenticated, however. So, we cannot consider them as evidence supporting the motion.

3

Accordingly, we grant the motion of Hereford and dismiss the entire appeal.


     Brian Quinn
     Chief Justice