In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00037-CV
_____


CHRISTOPHER EMERY AND AVERY ALLISON, Appellants

V.

HCA HEALTH SERVICES OF TEXAS INC.; GEORGE M. DAVIS; BAPTIST HOSPITALS OF SOUTHEAST TEXAS; SANTOSH SUDHIR KALE, AND MSONTHIS B. LEVINE, Appellees

On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A-206,913

MEMORANDUM OPINION

The question presented in this appeal is whether the information in the medical authorization form the plaintiffs sent to HCA Health Services of Texas Inc. (d/b/a Kingwood Medical Center) with their notice of claim triggered the 75-day tolling provision in section 74.051(c) of the

1

Texas Medical Liability Act (the Act or the TMLA).[1] In separate motions for summary judgment, the health care liability defendants who were sued argued that the medical authorization form sent to HCA Health Services, which we shall call Kingwood Medical, didn't include all the information required by section 74.052 of the Act.[2] Because the plaintiffs failed to include all the information the legislature required within the four-corners of the form, the defendants argued in motions for summary judgment that the plaintiffs were not entitled to the benefit of the Act's 75-day tolling provision because the medical authorization they included with their notice did not include all the information required by the

---

[1]Tex. Civ. Prac. & Rem. Code Ann. § 74.051(c) (providing that "[n]otice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties"); *id.* § 74.052(a) (Supp.) (providing that the notice of claim "must be accompanied by a medical authorization in the form specified by this section"). We note that various sections of the TMLA were amended after plaintiffs filed suit in December 2020, but the changes that the legislature made to the statute are not material to the issues raised in the appeal. For convenience, when citing the TMLA, we have cited the current version of the statute.

[2]*Id.* § 74.052(a) ("Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section."); § 74.052(c) (prescribing—in detail—the information that the health care liability claimant must include in the form).

2

legislature in the form prescribed in section 74.052(c) of the Act.[3] And without the benefit of tacking the 75-day extension on the two-years in which plaintiffs have filed a health care liability claim, the defendants argued, the plaintiffs' suit was untimely and barred by the statute of limitations.[4]

The defendants filed their motions for summary judgment on different dates. The trial court considered the motions in three hearings. In the hearings, the trial court found that the two-year statute of limitations barred the plaintiffs' claims. Following the hearings, the trial court signed three orders. In the orders, the trial court ordered the plaintiffs to take nothing from the defendants: (1) "Santosh Sudhir Kale, MD"; (2) "George M. Davis, M.D."; (3) "Baptist Hospitals of Southeast Texas, individually and d/b/a Baptist Beaumont Hospital"; (4) "HCA Health Services of Texas, Inc., Individually and d/b/a Kingwood Medical Center"; and (5) "Msonthi B. Levine M.D." The last of these orders, signed on January 3, 2022, disposed of all the parties and claims even though

---

[3]*Id.* § 74.052(c).
[4]*See id.* § 75.251(a).

the order doesn't include unequivocal language of finality.[5] Therefore, the trial court's last order operates as a final judgment.[6]

After the trial court signed the January 3 order, Christopher Emery and Avery Allison (the plaintiffs or the appellants) filed a timely notice of appeal. They raise five issues in their brief. First, they argue that the medical authorization forms they sent with their notice of claim to HCA Medical Services includes enough of the information under Chapter 74 that it triggered the 75-day tolling provision in section 74.051(c).[7] Second, they argue that when considering Avery's "cognitive disability" and the good-faith effort that they made to provide HCA Medical Services with the information requested about Avery's protected health information in the authorization that accompanied their notice of claim, they substantially complied with the disclosure requirements in Chapter 74. In the appellants' remaining three issues, they argue that should Chapter 74 prohibit tolling the statute of limitations that applies to

---

[5]*See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

[6]*Id.*

[7]Tex. Civ. Prac. & Rem. Code Ann. § 74.051(c); *id.* §§ 74.001-.507 (West & Supp.) (the TMLA).

health care liability cases for a person with a cognitive disability like Avery, the statute is unconstitutional under Texas and federal law.

Analysis

When the trial court ruled on the defendants' motions for summary judgment, it did so without the benefit of the Supreme Court's recent decision in *Hampton v. Thome*, 687 S.W.3d 496 (Tex. 2024). In *Hampton*, the Supreme Court held that a notice of a health care liability claim "as provided in [Chapter 74]" requires a health care liability claimant to provide a health care provider "written notice" of the claim and medical authorization form but does not necessarily require that a claimant provide a health care provider an authorization that is error-free or a form that tracks the one the legislature prescribed in the Act.[8] Instead, the Supreme Court explained: "When the authorization form requires modification—as incomplete or erroneous forms naturally would—the statutory consequence is abatement to allow additional discovery, not revocation of tolling."[9] The Supreme Court recognized just three possible

---

[8]*Hampton v. Thome*, 687 S.W.3d 496, 504 (Tex. 2024); *see* Tex. Civ. Prac. & Rem. Code Ann. § 75.052(a) (providing for abatement if the medical authorization form is not provided with the notice of claim).
[9]*Id.*

exceptions to its rule that abating the case for additional discovery was the appropriate remedy for a health care liability claimant's failure to disclose what the legislature required in the prescribed form. The three exceptions that it recognized are when (1) the form is "so grossly deficient on its face that it could never genuinely be called a medical authorization in the form" specified by section 74.051(c); (2) the claimant proffers an authorization form "in a bad-faith attempt to mislead the defendant"; or (3) the form should not be counted as a form at all by the court under the "old rule that fraud vitiates whatever it touches."[10]

The facts at issue concern information that is missing from a medical authorization form, yet there was no claim by the defendants in the motions they filed in the trial court that the information that Avery Allison included in her authorization is fraudulent or that what she did not include in the authorization wasn't included in bad faith to mislead them in the case. Nor is there any claim that the medical authorization form itself is so grossly deficient that it cannot genuinely be called an authorization form under the Act.

---

[10]*Hampton,* 687 S.W.3d at 504-05 (cleaned up).

The undisputed facts are that on different days and at different health care facilities, Avery was seen and treated by either Dr. Kale, Dr. Davis, or Dr. Levine.[11] Nor is there any dispute that Avery was seen and treated at Kingwood Medical Center in Kingwood, Texas, and at Baptist Hospital in Beaumont, Texas. The record also shows that Christopher Emery, Avery's husband, filed a derivative claim based on his status as Avery's spouse, and he seeks to recover on his claim for loss of consortium.[12] He did not claim that he received any health care treatment from any of the defendants.

More than 60 days before Avery and Christopher sued, it's undisputed that they sent Kingwood Medical Center and HCA Health

---

[11]There is a possible dispute about whether HCA Health Services of Texas Inc. is the correct legal name for Kingwood Medical, but in the appeal, no one has complained it wasn't sued in its proper name, so the claim hasn't been preserved. When HCA Health Services of Texas Inc. was served, it appeared as "HCA Health Services of Texas, Inc. Individually and d/b/a Kingwood Medical Center (correct name Kingwood Medical Center d/b/a KPH-Consolidation, Inc.)." That said, when HCA Health Services moved for summary judgment, it did so as "HCA Health Services of Texas, Inc., Individually and d/b/a Kingwood Medical Center." The trial court's order grants HCA's motion as to "HCA Health Services of Texas, Inc, Individually and d/b/a Kingwood Medical Center."

[12]*See Whittlesey v. Miller*, 572 S.W.2d 665, 668 (Tex. 1978) (recognizing a spouse might have a cause of action for loss of consortium due to an injury caused by a third person to the other spouse by a third-party tortfeasor's negligence).

Services of Texas, Inc. a written "Notice of Health Care Liability Claim." Under the Act, if the notice of claim and authorization tolled the claim against HCA Health Services, it also tolled Avery's claim against her health care providers.[13] The notice of claim, dated September 18, 2018, identifies the patient who was treated as Avery Allison. Avery's notice states that her claim is based on "negligent and/or substandard health care [] rendered to Avery Allison on or about October 8, 2018[.]" A medical authorization, signed by Avery, accompanies her notice. No dispute exists about the fact the information the defendants obtained from Avery in her medical authorization is only partially complete. When comparing to the information that section 74.051(c) requires to be disclosed with the information the defendants later obtained from either Avery's medical records or from the evidence that she produced in discovery, it's clear she didn't disclose each doctor she had seen in the past five years for treatment that was related to the condition that was related to her suit.

---

[13] *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051(c) (providing that notice "given as provided in this chapter shall toll the applicable statute of limitations . . ., and this tolling shall apply to all parties and potential parties").

Over three months after the plaintiffs sent HCA Health Services written notice of Avery's claim, Avery and Christopher sued the defendants and an additional health care provider, Christus Health Southeast Texas, Individually and d/b/a Christus Hospital-St. Elizabeth in Jefferson County, Texas. Their suit was filed on September 18, 2020. Avery and Christopher subsequently dismissed Christus Health Southeast Texas d/b/a Christus Hospital-St. Elizabeth.[14] As relevant to the motions for summary judgment, the plaintiffs' petition alleges that when the five defendants treated Avery in October or November 2018, they failed to properly diagnose and treat her for complications that arose following a bariatric surgery in Mexico, specifically gastric sleeve surgery, performed on August 15, 2018.

The summary-judgment evidence shows the Avery's written notice of claim arrived with an "authorization for release of protected medical

---

[14]Following an agreement to ordering a non-suit between the plaintiff and Christus Health Southeast Texas, Individually and d/b/a Christus Hospital-St. Elizabeth, the trial court signed an agreed order of severance, severing the plaintiffs' case against Christus Health Southeast Texas d/b/a Christus Hospital-St. Elizabeth into Trial Court Cause Number A-206,913-B. For that reason, Christus Health Southeast Texas is not a party to this appeal.

9

information."[15] The defendants do not claim that the form Avery provided does not resemble the form prescribed by section 74.052 of the Act. Rather, each claimed that the information Avery chose to disclose in her form is incomplete in that she did not disclose all physicians and health care providers whom she had seen in connection with the injuries she alleged she suffered in the suit. And as to the health care providers she had seen in the past five years (not including the physicians and health care defendants that were the defendants in the suit), Avery disclosed just one of the physicians she had seen—her gynecologist. So the deficiencies in the medical authorization that accompanied Avery's notice of claim show that her form was incomplete; this isn't a case where she provided HCA Health Services with no medical authorization form at all. In fact, the medical authorization that Avery signed closely resembles the form the legislature prescribed in section 74.052(c) even though she didn't disclose all the information that she should have included when she filled out the form.[16]

---

[15]*See id*. § 74.052(c).

[16]*Hampton*, 687 S.W.3d at 504 (concluding the authorization form proffered by the plaintiff was not insufficient where it "resemble[d] the statutorily required form").

As the appellants see it, however, Avery's authorization is inadequate to trigger the tolling provision in section 74.051(c) because it is incomplete.[17] Consequently, they argue the plaintiffs are not entitled to the benefit of the 75-day tolling provision because Chapter 74 required the notice of claim to "be accompanied by a medical authorization in the form specified" by section 74.052.[18]

When Avery filled out the form, she identified six health care providers who had treated her for the injuries associated with her claims: (1) Kingwood Medical; (2) Memorial Hermann Health System; (3) Christus Health System Southeast Texas-St. Elizabeth; (4) Baptist Hospitals of Southeast Texas-Beaumont; (5) UT Physicians; and (6) Dr. Msonthi B. Levine. No doubt, Avery was supposed to identify the physicians and facilities where she had been examined in the past five years and she listed just one doctor, which we mentioned. Avery also listed none of the health care providers who were involved in her gastric sleeve surgery, including her bariatric surgeon. She also did not list the medical facility where her bariatric surgery occurred.

---

[17]*See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051(c).
[18]*See id.* § 74.052(a).

11

That said, the issue in this case involves the plaintiffs' allegations that the defendants failed to properly provide Avery with a proper diagnosis and treatment for complications that resulted from the bariatric surgery that Avery had while she was in Mexico. The defendants did not claim that Avery failed to tell Dr. Kale, Dr. Davis, or Dr. Levine, the physicians that she sued, that she had recently undergone gastric sleeve surgery when she gave them her medical history. Thus, the relevance of the nondisclosure concerns an incomplete authorization, not one in which the defendants have accused the health care liability claimants of intentionally trying to mislead them about the nature of the claims. These types of problems with the missing information in forms are the kinds of problems that the Supreme Court has decided that additional discovery may correct and that abatement, rather than denying tolling, is the appropriate remedy if information the legislature required to be disclosed in an authorization is missing from the legislatively prescribed authorization that a health care claimant must send with a pre-suit notice under the Act.[19]

---

[19]*Hampton*, 687 S.W.3d at 504.

We conclude the information Avery disclosed in her medical authorization is not "grossly deficient" under the standard the Supreme Court applies to a pre-suit authorization that accompanies a notice of claim.[20] For that reason, the appellants' first issue is sustained. Because the plaintiffs' first issue is dispositive, we need not reach the plaintiffs' remaining four issues.[21] We reverse the trial court's two orders signed June 8, 2021, ordering the plaintiffs to take nothing against George Davis, M.D. and Santosh Kale, M.D. We also reverse the trial court's order of January 3, 2022, ordering the plaintiffs to take nothing against Baptist Hospitals of Southeast Texas, individually and d/b/a Baptist Beaumont Hospital, HCA Health Services of Texas, Inc., Individually and d/b/a Kingwood Medical Center, and Msonthi B. Levine, M.D. The case is remanded to the trial court for further proceedings consistent with the Court's opinion.

REVERSED AND REMANDED.

HOLLIS HORTON
Justice

Submitted on October 12, 2023
Opinion Delivered June 13, 2024
Before Golemon, C.J., Horton and Wright, JJ.

---

[20]*Id*.; Tex. Rev. Civ. Stat. Ann. § 75.251(a).
[21]*See* Tex. R. App. P. 47.1.

13